## E. A. MOSELY *v.* A. J. JAMISON.

ASSAULT AND BATTERY. *Evidence in rebuttal.*

> In a civil action for assault and battery, where the plaintiff has introduced evidence of his having been shot by defendant, and of the extent of his damages, and rests, and the defendant introduces evidence of the particulars of the shooting in his justification, the plaintiff in rebuttal may introduce evidence as to the beginning of the difficulty. Such evidence is clearly competent, and its exclusion is error for which a reversal will be awarded.

APPEAL from the circuit court of Chickasaw county, first district.

HON. J. W. BUCHANAN, Judge.

Appellant, Mosely, brought an action against appellee, Jamison, claiming damages for personal injuries sustained by him by reason of his having been unlawfully shot and wounded by appellee. The shooting occurred during the trial before one White, mayor of Houston, of appellee Jamison, who was arraigned for trial upon a charge of assault and battery, and at which trial appellant, Mosely, at the instance of the injured person, appeared as attorney for the prosecution. It is unnecessary to a proper understanding of the only point decided by the court, and touched upon in the opinion, to state the evidence in the case at length. A verbal altercation between appellant and appellee culminated in both drawing their pistols, almost simultaneously, and firing at each other, the result being that appellant, Mosely, was badly wounded and afterward brought this suit. Upon the trial plaintiff introduced evidence as to the extent of his injuries, the damages sustained, and the fact that he was shot with a deadly weapon by defendant, Jamison, and then rested his case. The defense then introduced evidence of the particulars of the difficulty and sought to show that plaintiff made the first hostile demonstration and drew his pistol, and that the shooting by defendant was justifiable. Plaintiff introduced in rebuttal the mayor before whom the trial was being had when the shooting occurred, and who was an eye-witness, and interrogated him in reference to the beginning of the difficulty. This testi-

mony in reference to the commencement of the shooting was, on the motion of defendant, excluded as not being properly in rebuttal. The trial resulted in a verdict and judgment for defendant, and plaintiff appeals. Many errors are assigned and discussed by counsel, but the opinion is confined to the action of the court in excluding the above-mentioned testimony.

*W. T. Houston,* for appellant.

No brief on file.

*W. G. Orr,* for appellee.

The only exception taken to the ruling of the court in excluding the testimony offered by plaintiff was in the case of the testimony offered to be given by White, the mayor, who, as the record shows, was greatly the cause of the whole trouble. Was the testimony of this worthy proper matter of rebuttal ? Most assuredly not. The witness was proposing to begin anew and rehearse the whole case from beginning to end. In short, counsel seem to have proceeded upon the theory that they were the defendants and we the plaintiffs ; that it was our duty to show that we were right, not their duty to convince the jury that we were in the wrong.

CAMPBELL, J., delivered the opinion of the court.

The judgment must be reversed, because of the exclusion by the court of the testimony of E. A. White, a witness for the plaintiff, as to the beginning of the rencontre between the plaintiff and the defendant out of which this action arose.

The plaintiff produced evidence of his having been shot and injured by the defendant without disclosing the particulars of the shooting, and having shown the extent of his injuries and damages, rested, when the defendant introduced evidence to justify his shooting the plaintiff.

After the defendant had closed his evidence, White was introduced and asked as to the commencement of the shooting, and on the objection of the defendant's counsel was not permitted to tell of the beginning of the difficulty, because it was said his testimony was not in rebuttal. It is impossible to conceive of a more manifest instance of rebuttal than is here presented, and for this error,

although it cannot be said confidently whether the excluded evidence would have produced a different result or not, the judgment must be reversed.

*Reversed and remanded.*