ROBERT REABOLD v. THE STATE.

COUNTY CONVICTS.  *Imprisonment in jail, when unauthorized.  Statute con-
    strued.  Acts of* 1894, *p.* 67.

> It is error to sentence a county convict to the payment of a fine and
> to imprisonment in the county jail in a county where there is a
> county contractor, for, under the provisos to § 2 of the act of 1894,
> in relation to the punishment of such convicts (Laws, p. 67), the au-
> thority of the circuit judge to sentence them to imprisonment in
> jail, is, in such county, limited to those cases in which the sen-
> tence involves imprisonment only.

FROM the circuit court of Pike county.

HON. W. P. CASSEDY, Judge.

In this case the appellant was convicted of unlawfully selling
and retailing vinous and spirituous liquors, and sentenced to im-
prisonment in the county jail for ninety days and to the pay-
ment of a fine of $500 and the costs of prosecution, and to
stand committed until the fine and costs were paid.   The sen-
tence and judgment then concludes as follows:  " It is further
considered by the court that the said defendant, Robert Rea-
bold, shall not be delivered to the county contractor during
said term of imprisonment."

The statute construed is as follows:

" SEC. 2.  *How sentence to imprisonment in a county jail en-
forced.* —If a convict be sentenced to imprisonment in the county
jail, or to such imprisonment and the payment of a fine, he shall
be committed to jail, there to remain in close confinement for the
full time specified for imprisonment in the sentence of the court,
unless discharged by due course of law; *Provided,* In counties
where there is a convict contractor or county farm, or where con-
victs are worked on the public roads or works as herein provided,
the convict shall at once be delivered to the convict contractor

·or to the county farm, or worked on the public roads or works, to be kept at work until the expiration of the sentence of imprisonment; *Provided, however,* That convicts sentenced to imprisonment only shall remain in jail, if the circuit judge shall :so order.''

*James A. Lamkin,* for the appellant.

The sentence of the court is clearly wrong under the act of 1894. The reading of the act of 1894 shows that where a fine is imposed as well as imprisonment, it was not the intention of the legislature to require the convict to remain in jail, but that when the sentence was imprisonment only, then the court could require him to actually serve the time in jail, and not be delivered to the contractor. Acts 1894, p. 67.

*Frank Johnston,* attorney-general, for the state.

The sentence of the court is not in violation of the act of February 10, 1894, §§ 2 and 3.

The intent of the act must be, first, that all county convicts ·committed for fine or imprisonment, or both, in counties where there is a contractor, or where the convicts are worked by the ·county, must be delivered to the contractor or the county farm, ·or worked on the road, etc., during the term of imprisonment, .and until the fine and costs are worked out; second, where the judge so orders, in the special case, where the sentence contains a term of imprisonment, the prisoner shall remain in jail. If the sentence is simply a fine, then the prisoner does not remain in jail at all. If there is a term of imprisonment, and no fine, the court may order the confinement in the jail. But then the ·costs would be worked out. If there is a term of imprisonment and a fine, then, under the special order, the prisoner remains in jail during the period of the sentence of imprisonment, and then works out his fine and costs.

The second proviso of § 2, as a distinct qualification of the first proviso, means that ''only'' those convicts sentenced to

imprisonment who are so ordered by the judge, shall remain in jail. It does not mean that the convict must only be sentenced to imprisonment, but that convicts who are sentenced to imprisonment and not fined may be confined.

A judge cannot order a convict who has simply been fined to be confined. It is only where there is a sentence of imprisonment, and the special order, that the prisoner remains in jail.

Woods, J., delivered the opinion of the court.

The second section of chapter 76, acts of 1894, is part of a new scheme for dealing with county convicts, and the chapter is a repeal of, and a substitute for, chapter 23, code 1892. This second section of chapter 76 of the acts of 1894 first provides generally for the commitment of convicts sentenced to imprisonment in the county jail, or to such imprisonment and the payment of a fine, and their close confinement for the full time specified for imprisonment in the sentence of the court, unless discharged by due course of law. This is the general provision of the statute; but, by the first proviso of this second section, recognition is had of the fact that, in some counties, convicts are required to be delivered to the proper authorities, to be kept at work until the expiration of the sentence of imprisonment, and, by this proviso, an exception to the general rule prescribed in the body of the second section, is made, whereby, in counties having county contractors or county farms, or in which convicts are worked on the public roads, the convict is required to be put to and kept at work until the expiration of the sentence of imprisonment. Then follows in this second section a proviso to the first proviso, by which circuit judges are clothed with power, in cases of convicts sentenced to imprisonment only, to make an order that this class of convicts shall remain in jail. The meaning of the section is not very clear, but we adopt that construction which does no violence to grammatical construction, and which commits to the discretion of the circuit judge the imposition of such sentence as will best

punish.　Imprisonment in jail for the full term of the sentence, may, in some cases, be the only effective punishment, and the proviso to the proviso clothes the judge with authority to actually imprison where the sentence imposes imprisonment alone.

The concluding order of the court below, by which the convict was required to be kept in jail, was erroneous, and, to that extent, the judgment is reversed, but in all other respects the same is

*Affirmed.*