## ABRAHAM SCOFIELD *v.* ALEXANDER H. PENSONS.

Where S. brought suit before a *justice* of the peace on a note given by P. to him for $50, and on the same day he (S.) brought suit against P., before a different justice of the peace, upon two other notes due him from P. for the sum of $47.60, and judgments having been rendered against P. in both cases, he appealed to the circuit court, where both suits were dismissed for want of jurisdiction in the justices' court to render the judgments:— *Held*, that this was a correct decision.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

The facts of the case are contained in the opinion.

*Ralph North* for appellant.

There is no rule of law requiring a plaintiff to institute distinct causes of action in one suit. *Phillips* v. *Brusk*, 16 Johns. 140; *Grayson* v. *Williams*, Walk. 299.

If plaintiff had made an assignment of one of the notes upon which he brought suit to a third person, there is not the least doubt but that third party would have full power to sue in his own name, upon the note in the justices' court, and the plaintiff could have sued in the same court upon the note he retained, both being within the justices' court jurisdiction.

Justices of the peace have jurisdiction of "all debts and demands not exceeding fifty dollars, for a sum or balance due on any specialty, note," &c. Hutch. Code, 690, § 9.

*J. Hewett* for appellee.

All sums not exceeding fifty dollars are cognizable and determinable before a justice of the peace. Hutch. Code, 690. But here the amount due from Pensons to Scofield was $97.60, an amount much greater than that the justice of the peace could take jurisdiction over.

The decisions cited by counsel from Walk. R. and Johns. R. are neither in point; for, in the first case, the question was not before the court when the mere intimation was thrown out by the court, and, in the other case, no such question was either before the court or determined by it.

This case turns entirely on the construction of our statute.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff below, on the 13th of May, 1850, held three notes against the defendant, one for $50, one for $44, and one for $3.60. On that day he brought a suit before R. W. Wood, a justice of the peace of Adams county, on the note for the sum of $50; and on the same day another suit on the other notes before William Coffin, another justice of the peace of the same county.

Judgments having been rendered by each justice for the plain-

tiff, the defendant prosecuted an appeal to the circuit court of said county, where the court upon motion, dismissed both suits, for the want of jurisdiction in the justices of the peace to render the judgments.

Suppose both suits had been brought before the same justice, could he have entertained jurisdiction of the causes of action? The constitution declares, that "the jurisdiction of justices of the peace shall be limited to causes in which the principal of the amount in controversy shall not exceed fifty dollars." The principal sum of these notes is $97.60, and this was the amount in controversy, because it was what the plaintiff claimed, and what the defendant refused to pay. It is then clear, that the claim was one of which a justice of the peace could take no jurisdiction whatever; and it is difficult to see how the powers of two justices could be made greater than those of one, in regard to the same controversy.

We are satisfied from the whole case that the judgment of the court below is correct, and must be affirmed.