Bettie Pittman *v.* J. M. Chrisman.

1. Jurisdiction. *Justice's Court. Amount in controversy. Splitting demand.*
A person who serves another for twenty consecutive months, under a contract which fixes no rate of compensation, cannot by charging differently for the last seven months split the demand and sue for thirteen months in the Circuit Court and for the remainder before a justice of the peace.

2. Same. *Single contract. Severance by act of parties.*
Separate suits cannot be maintained for different portions of an entire demand growing out of a single contract, requiring for its decision the investigation of one state of facts, unless the parties have severed the contract by the form in which it is evidenced.

3. Same. *Book accounts. Single indebtedness.*
One suit only is admissible on book accounts where the parties' agreement, their course of dealing, or the known custom of the country, warrants the belief that it was intended that the several items should constitute one indebtedness, whether due at the same or different times.

4. Same. *Independent causes of action. Consolidating vexatious suits.*
The plaintiff need not embrace in one suit independent transactions though all due, but may bring as many actions as he has separate causes, subject to the right to be consolidated, at his cost if vexatious, but without ousting the jurisdiction. *Ammons v. Whitehead*, 31 Miss. 99, and *Ash v. Lee*, 51 Miss. 101, affirmed; *Scofield v. Pensons*, 26 Miss. 402, and *Mobile & Ohio Railroad Co. v. State*, 51 Miss. 137, overruled.

Appeal from the Circuit Court of Coahoma County.

Hon. B. F. Trimble, Judge.

*Nugent & McWillie*, for the appellant.

Under the decisions in *Grayson* v. *Williams*, Walker, 298, and *Scofield* v. *Pensons*, 26 Miss. 402, the case should be dismissed. These suits, based on an indivisible cause of action, present a point not decided in the case of *Ash* v. *Lee*, 51 Miss. 101.

*Frank Johnston*, for the appellee.

Distinctions in the nature, period, and price of the services mark separate causes of action on which these suits were instituted at different times, and bring the question here within the decision of *Ash* v. *Lee*, 51 Miss. 101.

CHALMERS, C. J., delivered the opinion of the court.

Mr. Chrisman contracted to superintend Mrs. Pittman's plantation without any agreement as to the term of employment, or rate of compensation, or time of payment. He served for twenty continuous months, — that is to say from Dec. 1, 1878, to Aug. 1, 1880, at which last date he voluntarily abandoned the position. He brought suit in the Circuit Court for the amount due for the period closing on Jan. 1, 1880, being thirteen months at twenty-five dollars per month, aggregating, after deducting certain credits which he acknowledged, two hundred and five dollars ; and at or about the same time instituted this suit in a justice's court for the remaining seven months at fifteen dollars per month. These facts being developed, the defendant (appellant) made a motion in the Circuit Court, to which the case had been appealed, to dismiss this suit as brought in fraud of the justice's jurisdiction, upon the ground that the plaintiff had no right to split up his demand, but should have embraced the entire sum due in one suit in the Circuit Court. This motion was overruled, and judgment having been entered against the defendant, she appeals and assigns for error the action of the court in overruling the motion.

We think the court was in error. That a plaintiff cannot split up a single demand into several sums, so as thereby to give the justice's court jurisdiction of its several parts, is too well settled to admit of doubt or argument. The only point in the case is, whether there were two separate claims, or but one. It is argued that there are two different claims because a different rate of compensation is claimed for the several periods, and payment was due at different times. This, however, seems to have been exclusively by the action of the plaintiff, with which the defendant had nothing to do. There was but one contract, and the service under this single employment was unbroken. No rate of compensation being agreed on, it was of course upon a *quantum meruit;* but the plaintiff cannot convert his claim into two contracts by merely charging a different rate for different portions of the time of service. So also as to the date when his demand became due. He states that he considered that his compensation for the first

thirteen months was due at the close of the year 1879 ; but he does not pretend that there was any contract to this effect, or that any such custom obtained as that an assent upon the part of the defendant could be inferred. This being so, it must evidently be treated as one indivisible contract, which cannot be severed for the purpose of giving the justice's court jurisdiction of any of its parts; and this we think is the true test of the jurisdiction. The utterances of this court have not always been uniform on this subject. We think the true rule is this : where the demand grows out of a single contract, and its adjudication therefore requires an investigation of the same state of facts, and where the parties have not by the form in which they have evidenced the contract severed it, there can be no separation by the act of the plaintiff alone, as by bringing separate suits for different portions of the whole sum due.

In suits brought on book accounts, where the known custom of the country, or the agreement of the parties, or their general course of dealing, warrants the belief that it was intended that the several items should constitute one indebtedness, whether due at the same or different times, one suit alone is admissible. But where there are independent transactions between the parties, having no connection with each other, though all be due at the time suit is brought, there is no obligation on the plaintiff to embrace them all in one suit, nor can the defendant complain that he has not been sued for enough, or demand that the plaintiff shall embrace in one suit matters which have no connection with each other. The plaintiff may bring as many different suits as he has different and independent causes of action, subject to the right of the court to consolidate them where the result will not be to oust the jurisdiction, and at the cost of the plaintiff if it shall appear that the various suits were brought to vex and harass the defendant. This, as we understand it, is the rule announced in the cases of *Grayson* v. *Williams*, Walker, 298 ; *Ammons* v. *Whitehead*, 31 Miss. 99, and *Ash* v. *Lee*, 51 Miss. 101. A different rule was laid down, and we think erroneously, in the cases of *Scofield* v. *Pensons*, 26 Miss. 402, and *Mobile & Ohio Railroad Co.* v. *State*, 51 Miss. 137. We disapprove these cases, and overrule them.          *Reversed and suit dismissed.*