BRITISH AND AMERICAN MORTGAGE COMPANY *v.* IRENE S. BURKE ET AL.

MORTGAGES.   *Cancellation of record.   Code 1892, § 2451.   Penalty.   Statutory construction.*

Code 1892, § 2451, in so far as it gives a penalty for failure, on request, to cancel on the record thereof mortgages which have been satisfied, must be strictly construed, and a plaintiff cannot recover thereunder unless he bring his case within the literal terms of the statute.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Mrs. Burke, and another, appellees, were plaintiffs in the court below; the British and American Mortgage Company, appellant, was defendant there. The court below gave judgment for plaintiffs and defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*William Baldwin,* for appellant.

The appellees' right of recovery is based upon three alleged requests, to wit: O'Neill's letter, Judge Cayce's letter, and M. M. Burke's letter. None of them are sufficient.

We are dealing with a statute which is highly penal, its provisions harsh, and before its cruel penalties can be visited upon any one it must be violated. The strictest construction must be placed upon it. If the pound of flesh is demanded, no blood must be spilled.

The demand for satisfaction upon the record should have been made upon the mortgage company, who alone had the power to mark it satisfied upon the record. The O'Neill request was of Sullivan, whose only connection with the mortgage was that at some past time he had, as attorney for appellant, adjusted a dispute balance with the Burkes. This is in no way sufficient.

His request was to have the trust deed paid off by this draft conceled. What trust deed was it that was paid off by this draft? Neither O'Neill nor any other witness tells us what trust deed was paid off by this draft. Nothing from him or any other witness on the subject.

There were at the time when this draft was sent, three deeds of trust executed by the Burkes to the mortgage company on the records of Lowndes county, all unpaid and unsatisfied. Which one of these deeds of trust did this draft pay off? Nothing in this record shows.

Section 2451 visits no penalty upon one, a mortgagee, who

fails to cancel, but its penalty is upon a mortgagee who fails, when requested, to enter satisfaction upon the margin of the record of the trust deed or mortgage. This exact question was passed upon by the supreme court of Alabama in *Chattanooga B. & L. Assn.* v. *Echols,* 27 So. Rep., 975.

Judge Cayce's letter called for satisfaction upon the record of "a deed of trust upon lands in this (Lowndes county), it being a part of the land included in the deed from the British and American Mortgage Company to M. M. Burke and I. S. Burke, of date November, 1898."

The deed of trust upon which this suit is based was upon land that was not "included in the deed from the British and American Mortgage Company to M. M. Burke and I. S. Burke, of date November, 1898," and hence could not have been the land or the deed of trust referred to in Judge Cayce's letter.

This letter of Burke was written to A. L. Richardson, not as agent; nothing in the letter to indicate that it was written to Richardson as agent of the mortgage company at all.

It was not sent, so far as we can gather, to the mortgage company at all, but, so far as appears, is but a private letter from M. M. Burke to A. L. Richardson.

It demands the "cancellation" of a mortgage "on two hundred acres of land." Does not state what mortgage, by whom executed, to whom executed, or what it was given to secure, nor where recorded. What is stated is misleading—that is, a mortgage "on two hundred acres of land."

A. L. Richardson could not have found such a mortgage had he made the most diligent search therefor, because there was no such. The demand was made on Richardson to do what? To cancel the mortgage. That had already been done, the notes and mortgage stamped with the company's cancellation stamp had already been delivered to him, and this is not denied.

The only demand made by Burke was to do what had already been done. The demand required by the statute "to enter

satisfaction upon the margin of the record" was not even suggested by Burke.

*Newnan Cayce,* for appellees.

The request of the appellees, through their attorney, Newnan Cayce, to the appellants to have the record of said deed of trust marked satisfied did not reasonably give appellants any ground to misapprehend and mistake the meaning of the letter, nor the deed of trust referred to therein as being desired to have canceled.

The letter uses this language: "In July, 1896, M. M. & I. S. Burke paid to the British and American Mortgage Company a note, the payment of which was secured by a deed of trust, etc.   .   .   .   The record of said deed of trust has never been marked satisfied, but appears uncanceled upon the record. M. M. & I. S. Burke request that the mortgagees aforesaid take proper steps and have the record of said deed of trust marked satisfied by proper authority."

The deed of trust, referred to in this letter, cannot be mistaken in the exercise of any reasonable business attention and thought.

Again, in April, 1899, appellees wrote appellants, asking the cancellation of the deed of trust.   This letter says: "The mortgage executed about 1892 on 200 acres of land, and paid in full to W. V. Sullivan during the year 1896, has never been canceled, and we now demand of you to cancel same instanter."

What deed of trust is here asked to be canceled? and who could, with any reason, claim to misunderstand its unequivocal language?   "The mortgage executed about 1892, and paid in full to W. V. Sullivan during the year 1896."   The mistake made by the writer by exaggerating the area of land by forty acres did not, nor could not, in anywise tend to mislead the appellants.

The record herein discloses that there was but one deed of trust executed by appellees in 1892, and but one note paid to

W. V. Sullivan in 1896, and beyond question that and only that one could be thought of by any reasonable person. Yet the appellant, with a remarkable ingenuity in devising misunderstandings, ignores the plain, unmistakable directions of identification and wander off with their accustomed carelessness.

TERRAL, J., delivered the opinion of the court.

Appellant, in February, 1892, loaned to appellees $600, and to secure its payment appellees executed a mortgage on 160 acres of land in Lowndes county, which was placed of record in Book 71, p. 6, *et seq.* In 1896 the mortgage debt was paid by the attorney of appellees to the attorney of appellant, when the former wrote the latter directing him to "have the trust deed paid by this draft canceled at once." On January 28, 1899, N. Cayce, as attorney for the Burkes, wrote A. L. Richardson, New York, as follows: "In July, 1896, M. M. Burke and I. S. Burke paid to the British and American Mortgage Company a note, the payment of which was secured by a deed of trust upon land in this (Lowndes county). It being part of the land included in the deed from the British and American Mortgage Company to I. S. Burke, of date November, 1898. The record of said deed of trust has never been marked 'Satisfied,' but it appears to be uncanceled upon the record. M. M. and I. S. Burke hereby request that the mortgagees aforesaid take proper steps and have the record of said deed of trust marked 'Satisfied' by proper authority." On March 4, 1899, appellant wrote to A. L. Richardson, saying: "The mortgage executed about 1892 on 200 acres of land, and paid in full to W. V. Sullivan during the year 1896, has never been canceled. We now demand of you to cancel the same instanter." This suit is to recover of appellant $600, the full penalty allowed by § 2451, code 1892, upon the alleged ground that appellant "did not, within one month after request, make acknowledgment of satisfaction upon the margin of the record

of said deed of trust of February, 1892." The requests, three in number, as above recited, were alleged in the declaration, and were proven as recited. It was also in proof that A. L. Richardson was the agent of the British and American Mortgage Company in 1894 and since. A jury was waived, and the case was submitted to the circuit judge, who gave judgment for appellees for the $600 penalty, and the mortgage company appeals.

The right of appellees is, as we regard it, *strictissimi juris.* If so, they cannot recover in this suit. Not a single one of the requests made is a proper one. The first one was for the cancellation of the trust deed and not for an entry of satisfaction upon the margin of its record. The second request, made by attorneys, also was to have acknowledgment made upon the margin of the record of a deed of trust upon land conveyed by appellant dated November, 1898, and that was not the fact. The third request was that "the mortgage executed about 1892 on 200 acres of land, and paid in full to W. V. Sullivan during the year 1896," be canceled. We have earnestly regarded these three requests, and have closely scrutinized them, and we think that there is not one of them that supports the declaration. If it be said that we are standing too strictly upon the letter of the statute, the reply is we do so because the action is given solely by the letter of the statute. Upon compliance with the letter, appellees may recover; without it, they cannot. We think the action, as pleaded, is not sustained by the evidence before the court. The appellees virtually admit that the requests are not literally correct—that is, do not ask for the doing of the thing for which the suit is brought; but they insist that either of them is sufficient to have put upon appellant the duty of doing that which appellees desired. But it might be noted that there was undisputed evidence that appellant had, upon the payment of $600 mortgage, executed authority for its cancellation, and therefore supposed it so marked on the margin of the record. Besides, during the existence of the

Syllabus.

$600 mortgage, two other mortgages of appellees to appellant for a considerable quantity of land in Lowndes county were outstanding between the parties, and the cancellation of these two mortgages or deeds of trust was thought to be alluded to, and there is room to think that appellant promptly marked upon the margin of the record a cancellation of this particular mortgage when its non-cancellation was specially pointed out to it. We do not place, however, our decision upon any excuse of this sort, but upon the failure of appellees to make the request in compliance with the provisions of § 2451, code 1892.

*Reversed and remanded.*