VICKSBURG WATERWORKS COMPANY v. EDWARD FORD.

[52 South. 208.]

JUSTICES OF THE PEACE.  *Jurisdiction.  Open account.  Amount in controversy.  Splitting cause of action.  What is not.*

Where an open account as first made out and presented for payment exceeded in amount the maximum sum of which a justice of the peace has jurisdiction, and the creditor, acceding to the claim of the debtor that one of the items was an improper charge, acquitted defendant from liability therefor, credited him accordingly and omitted the item from the account, and the balance was less than said maximum, a suit subsequently brought on the account was properly begun in a justice's court, and the rule forbidding the splitting of causes of action has no application to the case.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

The waterworks company, appellant, was plaintiff in the court below; Ford, appellee, was defendant there.  From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts as stated by ANDERSON, J., were as follows:—

"The Vicksburg Waterworks Company, appellant, sued the appellee, Edward Ford, in the court of a justice of the peace for $199.44 for water rentals, covering a period from June 30, 1903, to July 24, 1907.  There was a judgment by default for the amount sued for, with costs.  From this judgment, Ford appealed to the circuit court of Warren county.  On the trial of the cause in the circuit court, it developed in the testimony that on the same day suit was brought before the justice of the peace, and perhaps a few hours before, the appellant presented this account to the appellee for payment, at which time the amount of the account was $202.94; that the last item on the account

was $3.50, repairs for the water meter, by which the water was measured which went into Ford's house; that this item increased the amount of the account from $199.44 to $202.94; that Ford disputed this item strenuously, claiming that the meter did not belong to him and he was not liable for repairs to it. This item for repairs to the meter was then stricken off of the account, leaving the amount $199.44, for which the suit was brought. Crumpler, the manager of the waterworks, gives as a reason (which is undisputed) for striking this item off of the account that Ford strenuously denied liability, and because Willis was the owner of the house, and of the meter which was repaired, and perhaps liable for the repairs to the meter, instead of Ford. The court, after hearing the testimony, dismissed the suit in the circuit court, because the justice of the peace was without jurisdiction, on the idea that the real claim or demand sued for was $202.94, instead of $199.44."

*Bryson & Dabney,* for appellant.

*S. S. Hudson,* for appellee.

[The briefs of counsel had been withdrawn or lost from the record when it reached the reporter, hence synopses of them are not given.]

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Section 171 of the Constitution, which provides for a competent number of justices of the peace, their qualifications, term of office, etc., contains this language: "The jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of $200," etc. It is settled in *Pittman v. Chrisman,* 59 Miss. 124, and many other cases by our court, that a plaintiff cannot split up a single

demand into several sums, so as to thereby give the justice's court jurisdiction of its several parts. In *McLendon v. Pass,* 66 Miss. 110, 5 South. 234, the court used this language: "One may have a single right of action embracing many items, or he may have a separate right to sue for each of several demands. In one case, he must recover in one action; in the other, he may sue in separate suits for each demand." The justice's court is without jurisdiction where the right of action or demand is more than $200. A plaintiff will not be permitted, in order to defeat the jurisdiction of the circuit court, to split up his· cause of action or demand, so as to give the justice's court jurisdiction.

It is contended on behalf of the waterworks company the striking from the account sued on the item of $3.50 for repairs to meter was not a splitting of the cause of action, because this was a separate and independent transaction from the balance of the account, which was for water rentals. In our view it is unnecessary to decide this question. The uncontradicted testimony shows that the item of $3.50 for repairs to the meter was stricken from the account in acknowledgment of the justice of the claim by Ford that he did not owe it. It amounted to an acquittance by the waterworks company of that much of their demand against Ford. Under the circumstances of this case, another suit could not afterwards be brought for this $3.50. There was left in controversy in this case only $199.44.

*Reversed and remanded.*