KANTROVITZ v. McNEILL.

[71 South. 13.]

JUSTICE OF THE PEACE. *Jurisdiction.   Amount of controversy.   Reduction of claim.*

Where an open account is first made out and presented for payment exceeded in amount the sum of two hundred dollars, the limit of a justice of the peace jurisdiction, and the creditor, acceding to the claim of the debtor that several of the items was an improper charge, acquitted the defendant from liability therefor, and credited him accordingly and omitted the items from the account, and the balance was within the jurisdiction of the magistrate, a suit subsequently brought on the account was properly begun in a justice court, and the rule for bidding the splitting of causes of action had no application.

APPEAL from the circuit court of Leflore county.
HON. MONROE McCLURG, Judge.

Suit by Jake Kantrovitz, against Mrs. J. Y. McNeil. The circuit court on appeal from a justice of the peace, dismissed the suit for want of jurisdiction, and plaintiff appeals.

Appellant, who was plaintiff in the court below, filed suit in the justice court against appellee on open account for one hundred and ninety-five dollars and twenty-five cents for merchandise furnished appellee's minor sons. On the trial *de novo* in the circuit court, the case was heard by the judge, a jury being waived, and the suit ordered dismissed for want of jurisdiction in the court of the justice of the peace. The record shows that the account as originally presented by appellant to appellee was for two hundred and two dollars and sixty-five cents, and included certain items for "cleaning and pressing" amounting to seven dollars and forty cents, which items appellee denied liability for, claiming that she had not authorized this expenditure. Before the suit was filed, the items aggregating seven dollars and forty cents were

deducted from the account and suit brought for the balance.

*Kimbrough & Kimbrough,* for appellant.

*X. R. Coleman,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The facts as testified in the lower court show that the court of the justice of the peace had jurisdiction of this lawsuit; consequently, on appeal to the circuit court, that court had jurisdiction, and should not have dismissed the case.

This case comes within the rule announced in *Vicksburg Waterworks Co.* v. *Ford,* 97 Miss. 198, 52 So. 208.

*Reversed and remanded.*