COLUMBUS & GREENVILLE RY. CO. *v.* MISSISSIPPI CLINIC.*

(Division B.    Jan. 21, 1929.)

[120  So.  187.    No.  27589.]

*Corpus Juris-Cyc References: Actions, 1CJ, section 318, p. 1124, n. 16; section 349, p. 1135, n. 80; Appeal and Error, 3CJ, section 210, p. 413, n. 57; Justices of the Peace, 35CJ, section 522, p. 810, n. 41; On power of court to consolidate pending actions when between same parties, see 1 R. C. L. 360; 1 R. C. L. Supp. 114; 5 R. C. L. Supp. 22.

*Gardner, Odom & Gardner* and *Alfred Stoner,* for appellant:

*Kimbrough, Tyson & Kimbrough,* for appellee.

GRIFFITH, J. Four physicians were practicing as partners in the city of Greenwood under the firm name Mississippi Clinic. On or about October 29, 1925, an accident occurred on appellant's railway near Greenwood, and, as alleged, an agent of appellant called on appellees, Mississippi Clinic, to attend two of the persons injured. This was done by appellees, and, appellant having refused to pay for the medical services rendered, appellees filed in the justice court two suits, one for fifty dollars for services rendered Buford, one of the injured persons and one for one hundred fifty dollars for services rendered Steen, the other of the injured persons. From adverse judgments in the justice court, the railway company appealed to the circuit court; the sureties on the appeal bonds being the same in both cases.

In the circuit court on motion of the appellees there—and here—the cases were consolidated, and thereafter the proceedings were had under one record of the evidence, exhibits, and instructions to the jury, and one judgment was rendered covering both of the original cases. The case or cases are appealed here under a single

appeal bond, and a single citation to answer to the appeal has been served. Appellant now moves this court to dismiss the appeal in so far as concerns the original fifty dollar suit, because, as appellant contends, this court is without jurisdiction of an appeal of a law case wherein the principal amount in controversy does not exceed fifty dollars.

It is well settled that it is an inherent power of a court of law to consolidate pending cases when they are between the same parties, plaintiff and defendant, depend upon the same or substantially the same facts, and when thereby the interests of economy and expedition would be subserved; and especially is this true when the actions might in the first instance have been brought in one suit. 1 C. J., Actions, sections 310, 318, 320, 321, and 322; 4 Ency. Pl. & Pr., pp. 676, 677; 1 R. C. L., pp. 359, 360; 5 Stand. Ency. Proc., pp. 251, 257, 260, and 261. See, also, *McLendon* v. *Pass,* 66 Miss. 110, 5 So. 234; *Pittman* v. *Chrisman,* 59 Miss. 126. And this power is possessed by the circuit court in cases brought to it on appeal from a justice court, although the amount in controversy as a result of the consolidation exceeds the jurisdiction of the justice court. *Ammons* v. *Whitehead,* 31 Miss. 99, 102.

And at law, although the rule is different in equity, a consolidation merges the several actions into one, and they thenceforth constitute but a single action; and ordinarily but one judgment is rendered. 4 Ency. Pl. & Pr., p. 705; 5 Stand. Ency. Proc., pp. 272, 273; 1 C. J., Actions, section 349.

It is not contended that the consolidation by the circuit court of the original two cases herein concerned was in any way improper or unauthorized; and, since by the consolidation they were merged and thenceforth became but a single action, it would logically follow that they must remain as one, even on appeal; and this we find is the weight of authority on the point. *Baltimore & O. S. W.*

R. Co. v. U. S., 220 U. S. 94, 31 S. Ct. 368, 55 L. Ed. 384, 389, 3 C. J., p. 413; 2 R. C. L., p. 37; notes to *Covington* v. *Jordan*, 15 Ann. Cas. 492, 493.

The motion will be overruled.

*Overruled.*