FREEMAN *v.* McCORMICK MOTOR CAR CO.*

(Division B.    March 25, 1929.    Suggestion of Error Overruled April 8, 1929.)

[121 So. 138.  No. 27814.]

*Corpus Juris-Cyc References:  Actions 1CJ, section 315, p. 1123, n. 4; section 318, p. 1124, n. 16; section 341, p. 1133, n. 43, 44; Appeal and Error, 4CJ, section 2304, p. 525, n. 10; section 2306, p. 526, n. 20; section 2777, p. 808, n. 29; section 2886, p. 915, n. 20; Common Law, 12CJ, section 5, p. 179, n. 39; section 17, p. 188, n. 3.

*A. T. L. Watkins,* for appellant.

*E. C. Fishel,* for appellee.

COOK, J.   The appellant filed this suit in a justice of the peace court against the appellee, seeking to recover

the statutory penalty of fifty dollars, and other damages alleged to have been sustained by him, by reason of the failure of the appellee to cancel on the record in the chancery clerk's office, within one month after request so to do, a certain deed of trust executed by the appellant in favor of the appellee, and from a judgment in favor of appellant for ninety-five dollars there was an appeal to the circuit court. At the trial of the cause in the circuit court, the jury was peremptorily instructed to return a verdict for the defendant, appellee here; and from the judgment and verdict entered in pursuance of this instruction, this appeal was prosecuted.

The appellant testified that he paid the indebtedness secured by the deed of trust to the bookkeeper of the appellee company, who then handed him the deed of trust, and that he requested this bookkeeper to have the record of the instrument canceled; but when, on cross-examination, he was required to state exactly what he said to the bookkeeper, he replied, "As near as I can come to it, I told him I would be glad that he cancel it right away; that I was figuring on using it right away." The record of the deed of trust was not promptly canceled, and about eight months thereafter, without further notice to the appellee to cancel, this suit was filed.

The right of the appellant to recover in this suit is based upon section 2781, Code 1906 (section 2440, Hemingway's 1927 Code), which requires the beneficiary in a mortgage or deed of trust, upon receiving full payment of the indebtedness secured thereby, to enter satisfaction on the margin of the record of the instrument, and provides that "if such mortgagee or *cestui que trust*, or such assignee, by himself or his attorney, shall not, within one month after request, cancel on the record the said mortgage or deed of trust, the beneficiary shall forfeit the sum of fifty dollars, which can be recovered by suit on the part of the party aggrieved, and if, after request, he fail or refuse to make such acknowledgment

of satisfaction, the person so neglecting or refusing shall forfeit and pay to the party aggrieved any sum not exceeding the mortgage money,'' etc.

To entitle the appellant to recover in this cause, the evidence must show a strict compliance with the terms of this statute; and upon the question of whether or not the evidence in this record shows such compliance this case is ruled by the case of *British & American Mortgage Co.* v. *Burke,* 80 Miss. 643, 32 So. 51. In that case there was a request to ''have the trust deed paid by this draft canceled at once,'' and the court held that this request to cancel the deed of trust was not sufficient to constitute a demand or request for the entry of satisfaction upon the margin of the record. In the case at bar, the appellant testified that he merely told the bookkeeper of the appellee company ''that he would be glad that he cancel it right away.'' Under the *Burke case, supra,* this request was insufficient to bring the case within the letter of the statute, and therefore the court below was correct in directing a verdict for the appellee.

*Affirmed.*