FEDERAL ASPHALT Co. *et al. v.* CHAMBERLAIN-RICE HOSPITAL.

(Division A. Dec. 16, 1929.)

[125 So. 118. No. 28157.]

Kennedy & Geisenberger, of Natchez, for appellant.

Martin & Byrnes, of Natchez, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, Chamberlain-Rice Hospital, a corporation, instituted this suit by an attachment in chancery against the Federal Asphalt Paving Company, a nonresident corporation, and the city of Natchez, which was alleged to be indebted to the nonresident defendant, for hospital, medical, and surgical services rendered to one J. W. Scott, who was alleged to have been injured by reason of the negligence of the employees of the appellant paving company; the suit being based on an open account for seven hundred fifty-five dollars for "services rendered on request of Foreman Rainey." The averments of the bill of complaint as to the circumstances under which the said Scott became a patient in said hospital are as follows: "That on or about the 12th day of August, 1926, one J. W. Scott was severely injured on one of the streets of said city of Natchez by being struck by a truck that was being driven by one Bennie Scott an employee of said Federal Asphalt Paving Co., and then engaged about its business. That said Scott was thereupon on said 12th August sent by said Company to complainant's hospital in Natchez, and entered there as a patient for board, lodging, medical and other treatment; that said patient was accepted by complainant and lodged, boarded and treated as such at the charge and expense of said Federal Asphalt Paving Co., to the knowledge of and without objection from said Paving Company and with its consent, and that said company well knew that said Scott was without means to pay for said board, lodging and treatment and that complainant had accepted him,

and was giving him board, lodging and treatment upon the credit of said Paving Company.''

The city of Natchez answered the bill, admitting an indebtedness to the paving company in excess of the sum sued for, while the appellant, the Federal Asphalt Paving Company, answered, denying all the averments tending to charge it with liability for the account sued for; and at the conclusion of the evidence offered by the respective parties at the trial of the cause, a decree was entered in favor of the complainant, the appellee, for the sum sued for, with interest, and from this decree the paving company prosecuted this appeal.

The proof shows that one J. W. Scott, who was employed by the city of Natchez, was seriously injured by one of appellant's trucks. When the accident occurred, Rainey, the foreman in charge of appellant's concrete mixer, which was located at or near the point where Scott was injured, started to secure an ambulance to remove the injured man to a hospital; but some one volunteered to carry him in an automobile, and thereupon he was placed in this automobile and carried by this volunteer to the appellee hospital.

Shortly after the injured man arrived at the hospital, the appellant's superintendent, who was in charge of its paving work in Natchez, went to the hospital, and told Dr. Chamberlain, the physician in charge, to ''give him the best you can.'' On the same day that the injured man entered the hospital, the following letter was mailed to the paving company:

''Federal Asphalt Co., City—Gentlemen: We have in our institution Mr. J. Winston Scott who claims to have been injured by one of your trucks on this date. X-Ray examination shows that he has a badly fractured pelvis and as this type of injury requires considerable hospitalization and expensive treatment in general, we would like to inquire if your company feels responsible for this expense.

"Thanking you for your prompt attention to this matter, we are,

"Most cordially,

"CHAMBERLAIN-RICE HOSPITAL,

"By JAS. C. RICE."

This letter was received by L. G. Howell, appellant's superintendent at Natchez, and on the next day was answered as follows:

"Natchez, Miss., Aug. 13, 1926.

"Chamberlain-Rice Clinic, Natchez, Miss.—Gentlemen: With reference to your letter of even date herewith concerning Mr. A. W. Scott, please be advised that we have informed our home office at Hamilton, Ohio, of this accident and that they in turn have notified the Mississippi representative of the United States Fidelity and Guaranty Co. concerning said accident. Just as soon as the representative of the Company arrives in Natchez we will bring him to the Hospital for a conference concerning the matter referred to in your letter.

"Very truly yours,

"THE FEDERAL ASPHALT PAVING COMPANY.

"LGH/b"

Dr. James C. Rice, staff surgeon, and secretary and treasurer of the appellee hospital, testified that after these letters were exchanged he discussed the matter with representatives of the appellant, and they did not deny liability for this account, but stated that they did not want to settle the hospital bill until they settled with Scott; that they were trying to settle both claims at the same time.

The next written communication from the hospital to the paving company which appears in the record is a letter dated November 13, 1926, stating that the authorities of the hospital had been advised by the United States Fidelity & Guaranty Company that its policy indemnifying the appellant against loss by reason of personal injuries resulting from the negligence of the appel-

lant did not cover the hospital and medical expenses of the injured parties; and demanding that the paving company pay the bill for services rendered to Scott.

Thereafter numerous letters were written to the appellant, demanding payment of this bill; but its answers to these letters, if any, do not appear in the record. Thereafter the injured man filed suit against the appellant, the paving company, and recovered a judgment for fifteen thousand dollars, which was paid.

It has been held by this court that while the employment of a physician or surgeon is not ordinarily within the scope of the authority of a subordinate agent or employee, yet an emergency calling for immediate action in order to save life or prevent suffering may be sufficient to confer authority on the highest representative on the ground to employ necessary surgical and medical aid; but that in such case the liability does not extend beyond the emergency, and such length of time as may be necessary for the physician employed to communicate with the principal, and make a special contract covering the services to be rendered. C. & G. R. Co. v. Mississippi Clinic, 152 Miss. 869, 120 So. 187.

Applying these principles to the facts in the case at bar, we are of the opinion that the decree of the court below is erroneous. This suit is not for emergency services alone, but is for hospital and medical services extending over a long period of time. In recognition of the rule that a local and subordinate agent or employee did not have authority to bind the appellant for services rendered beyond the period of emergency, the appellee, after rendering first aid treatment, at once communicated with the appellant to determine whether it would assume liability for the extended services necessary; and in response to this inquiry, the appellee was informed that representatives of the appellant would later confer with the hospital authorities in regard to the matter. But the proof fails to show that the appellant ever agreed

to become responsible for any services rendered to the injured party beyond the period of emergency, and in the absence of such a special contract or agreement the appellant cannot be held liable for such services.

The decree of the court below will therefore be reversed, and decree will be entered here in favor of the appellant.

Reversed, and decree for appellant.