## KEEL *v*. STATE.

(Division A. Oct. 8, 1923.)

[97 South. 521. No. 23487.]

1. CRIMINAL LAW. *State may prove venue by adding together evidenc of two or more witnesses.*

In a criminal prosecution, the state may prove the necessary facts constituting venue by adding together the evidence of two or more witnesses.

2. CRIMINAL LAW. *Exceptions to rule against proof of other crimes to aid state's case enumerated.*

One exception to the rule that the state's case cannot be aided by the proof of another crime than the one for which the defendant is being tried is that evidence of another crime is admissible where it forms part of the *res gestae*, and another is that where the crime sought to be proven in aid of that for which the defendant is being tried is so intimately connected as that it shows motive.

3. CRIMINAL LAW. *Sentence for assault and battery held erroneous as to excess of imprisonment above statutory maximum.*

Section 1527, Code of 1906 (section 1289, Hemingway's Code), fixes the maximum penalty for assault and battery at five hundred dollars fine and six months in jail. A penalty was imposed of two hundred and fifty dollars fine and nine months in jail. *Held,* that the judgment of the court was erroneous as to the excess of imprisonment above six months; therefore the judgment was affirmed with that exception.

APPEAL from circuit court of Lafayette county.

HON. T. E. PEGRAM, Judge.

Jeff Keel was convicted of assault and battery, and he appeals. Affirmed.

*L. C. Andrews,* for appellant.

I.    We respectfully contend that part of the judgment of the court which ordered the appellant imprisoned in the county jail for nine months, was contrary to section 1289, Hemingway's Code, section 1527, Annotated Code, 1906.

II.    In regard to venue, the state attempted to prove county and state by the testimony of a witness who did not see or witness the commission of the alleged offense. This is the only testimony in the record as to the district, county, and state wherein the alleged offense was committed, and throughout the entire testimony delivered by numerous witnesses, the schoolhouse mentioned by them is not identified as Unity School house. The matter of venue in a criminal proceeding is not to be left to conjecture or guess but must be clearly proved. *Thompson* v. *State,* 51 Miss. 353.

III.    The state was permitted over objection of counsel for appellant to introduce proof of similar offenses alleged to have been committed that night at the schoolhouse by appellant on other girls. The admission of such testimony was prejudicial to the appellant. They are entirely separate and distinct from one charge and have no logical connection upon the other. *Dabney* v. *State,* 82 Miss. 252; *Whitlock* v. *State,* 6 So. 237; 1 Bish. Cr.

Proc.; section 1124; *King* v. *State,* 6 So. 188. The exception to the general rule is where evidence of other crimes is admitted to prove particular matters, such as identity, knowledge, intent, malice, motive, plan or system of criminal action and character of doing business. These particular matters appear not to have been in issue in the case at bar, and, therefore, it does not come within one of. the exceptions.

*S.* *C. Broom,* Special Assistant Attorney-General, for the State.

I. The question of venue may be briefly disposed of. One witness who was present on this occasion, testified that the crime occurred in LaFayette county, state of Mississippi, in District 5. Other witnesses for the state testified that it was at a schoolhouse by the name of Unity. Thus, according to the state's testimony this crime was committed at a schoolhouse named Unity in District Number 5, LaFayette county, Mississippi, and that is sufficient.

II. It was not error to permit evidence of other crimes committed at the same time. The rule is very clearly stated in the case of *King* v. *State,* 66 Miss. 502, 8 So. 189. The exceptions to the general rule are well stated in *Collier* v. *State,* 106 Miss. 613. We submit that everything done on this occasion constituted a part of the *res gestae,* and that theory would be admissible. 16 C. J., 572, 574, 588, 591, and 594. It is therefore certain that no error was committed in admitting evidence of the other crimes committed at the same time and place immediately before or immediately after the assault and battery committed upon this particular girl.

III. *The judgment of the court.* Section 1288, Hemingway's Code, section 1527 of the Code of 1906, provides the only penalty for a misdemeanor, and this provides for a fine for not more than five hundred dollars and imprisonment in the county jail not more than six

months, or either, and it therefore appears that the judge was without authority to impose a sentence of nine months in jail. But this error, if error it is, was not in the trial of the case and .does not go to the guilt or innocence of the appellant. It is simply an error in judgment, and is within the power of this court to correct said judgment of the lower court and impose such sentence as may be necessary and proper in the premises.

ANDERSON, J., delivered the opinion of the court.

Appellant, Jeff Keel, was convicted in the circuit court of Lafayette county of assault and battery upon Connie May Inmon, a schoolgirl fourteen years of age, and sentenced to pay a fine of two hundred fifty dollars and to confinement in the county jail for nine months. The prosecution was begun before a justice of the peace of districet 5 of Lafayette county, resulting in appellant's conviction, from which judgment he appealed to the circuit court.

. Appellant urges a reversal of the case upon the following grounds: First, that the state failed to prove the venue; second, that the trial court permitted the state to prove in aid of the offense charged other separate and distinct offenses committed by the appellant; third, that the imposition of a jail sentence of nine months was unauthorized by law, the maximum jail sentence allowed by the statute in such cases being six months. We will consider the questions in the order stated.

. It will be observed that it was necessary in this case for the state to prove that the offense charged was committed in Lafayette county and also in the district of the justice of the peace before whom appellant was tried, for the jurisdiction of the circuit court was dependent upon that of the court of the justice of the peace from which the case had been appealed. No one witness introduced by the state proved the entire facts necessary to show the venue. It was shown by one witness that the crime of

which the appellant was convicted was committed at a certain schoolhouse in Lafayette county. This evidence fell short of showing in what district for the election of the justice of the peace it was committed. It was proven by another witness, who was not present when the crime was committed and knew nothing of the facts attending its commission, that the schoolhouse so identified was in fact located in Lafayette county, and in the district of the justice of the peace before whom appellant was tried and convicted. This was permissible. If it were not prosecutions for criminal offenses would oftentimes entirely fail for the lack of the necessary proof of venue. The state may prove venue as any other fact, by adding together the evidence of two or more witnesses.

The state over the objection of appellant was permitted to prove that he committed the crime of assault and battery on several other schoolgirls at or about the same time of the commission of the offense for which he was being tried. The case made by the state was substantially as follows: The children, or some of them, attending a country school were rehersing for commencement. It was nighttime. The rehearsal took place in some kind of structure outside of and adjoining the schoolhouse, which was entered from a door of the schoolhouse. The schoolhouse and the surroundings were poorly lighted, oil lamps being used. After the rehearsal was over, appellant stationed himself just inside of the door of the schoolhouse through which these schoolgirls had to pass in going out. As Miss Inmon went out, he violently grabbed her in a vulgar and indecent manner. He was guilty of the same kind of conduct toward several other girls as they passed out of the door. His acts in that respect appear to have been the result of one design; they constituted one continuous transaction. The trial court admitted all the young ladies assaulted in that manner to testify thereto over the objection of the appellant.

There are exceptions to the rule that the issue in a criminal trial must be single; that the state's case cannot

be aided by proof of other crimes committed by the defendant than the one for which he is being tried.  One exception to the rule is that evidence of another and distinct crime is admissible where it forms part of the *res gestae;* that is, where it is part of the same transaction of which the crime charged is constituted, and so intimately related that one cannot be fully proven without proof at least to some extent of the other.  Another exception to the rule is that such evidence is admissible where the crime charged and the one sought to be proven in aid of it are so intimately connected as that the latter shows the motive of the defendant.  *King* v. *State,* 66 Miss. 52, 6 So. 189; *Collier* v. *State,* 106 Miss. 613, 64 So. 373; 16 C. J. 572, section 1114; Id. section 1115, p. 574; Id., section 1134, p. 588; Id., section 1140, p. 591; Id., section 1146, p. 594.  The facts of this case bring it within those exceptions to the general rule.  The other crimes proven were part and parcel of the *res gestae;* they, with the crime charged, together constituted one transaction; and the other crimes proven also tended to show the motive of appellant—his unlawful purpose.

Section 1527, Code of 1906 (Hemingway's Code, section 1289), prescribes the penalty for assault and battery.  The maximum penalty fixed by the statute is five hundred dollars fine and imprisonment in the county jail for not more than six months.  Therefore the jail sentence of nine months was three months in excess of the maximum amount allowed by the statute.  To this extent the judgment of the trial court was erroneous.  The judgment is therefore reversed as to the excess penalty, and affirmed in all other respects.  *Reabold* v. *State,* 73 Miss. 236, 18 So. 929; *Johnson* v. *State,* 26 So. 967 (not officially reported).

*Affirmed.*