PLANTERS' OIL MILL *v.* YAZOO & M. V. R. Co.[*]

(Division B. March 4, 1929. Suggestion of Error Overruled April 15, 1929.)

[121 So. 138. No. 27588.]

See, also, 150 Miss. 813, 117 So. 242; (Miss.) 119 So. 168.

*S. L. Gwin, Means Johnston, Simon Rosenthal* and *Green, Green & Potter,* for appellant.

*Gardner, Odom & Gardner* and *Burch, Minor & Mc-Kay,* for appellee.

Argued orally by *S. Rosenthal,* for appellant, and *H. T. Odom,* for appellee.

ANDERSON, J. Appellee brought two separate actions in the circuit court of Leflore county against appellant to recover the sum of twenty-two thousand one hundred ninety-eight dollars for demurrage charges on certain cars alleged by appellee to be due by appellant to it for parts of the years 1925, 1926, and 1927. These actions were consolidated and tried as one cause, resulting in a verdict and judgment in favor of appellee in the sum of eleven thousand ninety-nine dollars. From that judgment appellant prosecutes this appeal.

The record on this appeal consists alone of the pleadings, exhibits thereto, instructions of the court to the jury, orders of the court made during the progress of the trial, and the final judgment, the court reporter's tran-

scribed notes of the evidence, and the rulings of the court on the admission and rejection of evidence having been heretofore stricken from the record on motion of appellee.

The appellant is a Mississippi corporation, and during the years 1924, 1925, 1926, and 1927 was engaged at Greenwood, in Leflore county, in the oil mill business. During that period appellant bought cottonseed from the surrounding territory which is manufactured into oil, hulls, meal, and lint, which products it sold and shipped out to its customers. Appellee was during that period, and is now, a common carrier of freight and passengers, engaged in both intrastate and interstate commerce, with a line of railroad running through the city of Greenwood, where appellant's oil mill was located. A large portion of the cottonseed bought by appellant was shipped into its mill over appellee's line of railroad, and also a large portion of the cottonseed products manufactured by appellant in its mill was shipped to its customers over appellee's line of railroad. In the conduct of appellant's business, it became necessary for appellee to place a large number of freight cars at appellant's mill for loading and unloading by appellant of its cottonseed and the manufactured products of the cottonseed. Appellee alleged in its two declarations that the loaded freight cars, as well as the empty ones, placed at appellant's oil mill for the purposes stated, were not loaded and unloaded by appellant within the time fixed by the rules and regulations of the Interstate Commerce Commissions, which rules and regulations had been adopted by the Railroad Commission of this state; that many of the cars so placed by appellee, of which appellant was duly notified, were held and detained by appellant beyond the time limit fixed by such rules and regulations, and by reason thereof appellant became indebted to appellee for demurrage on such cars aggregatnig the amount sued for.

The first declaration of appellee was filed on May 12, 1926, for demurrage alleged to have been incurred by appellant for some months prior to that time. On April 15, 1927, while the first suit was still pending, appellee filed its second declaration against appellant to recover demurrage on cars placed by appellee at appellant's oil mill subsequent to the bringing of the first action and up to February, 1927. On motion of appellee, the court, over appellant's objection, consolidated the two actions and tried them as one cause. That action of the court is one of the grounds upon which appellant urges reversal of the judgment. Appellant made an application for a continuance of the cause for certain reasons set out in its application, which the court overruled, and this action of the court is assigned and argued by appellant as error. By leave of court, appellee made amendments to certain of its pleas over appellant's objection. The allowance of those amendments is also assigned and argued as error by appellant.

It will be observed from what has been stated that the consolidation of the two cases was made by the court upon the motion of appellee, the plaintiff in both cases, and not appellant, the defendant. Appellant contends that, conceding the two cases were of such character as, under the law, could be consolidated, such consolidation could be had alone on its motion. As contended by appellant, the English courts and most of the courts of the United States have held that, under the common law, the right to move for a consolidation of cases is confined to the defendant; that the plaintiff cannot secure an order of consolidation without the defendant's consent. The common-law rule, however, has been changed in some jurisdictions by statute, and in others by rule of court. 8 Cyc. 604, par. 2; 1 R. C. L. 361, par. 37. This question has not been decided by the supreme court of this state. Our court, however, held that, although a plaintiff may bring as many different suits against the same defendant

as he has independent causes of action, he does so subject to the right of the court to consolidate them at his cost, provided the parties and the subject-matter of the litigation are the same in each case. *Ammons* v. *Whitehead,* 31 Miss. 99; *Pittman* v. *Chrisman,* 59 Miss. 124; *McLendon* v. *Pass,* 66 Miss. 110, 5 So. 234. But in neither of those cases was the motion to consolidate made by the plaintiff.

The supreme court has the authority to declare for itself what the common law of this state is. The common law is the perfection of reason, and, when a rule of the common law ceases to be reasonable and just, it is no longer the common law. Those principles of the common law which are unsuited to our conditions, or repugnant to the spirit of our institutions, are not in force in this state. Only such rules of the common law as are adapted to our institutions and circumstances and not repealed by the Legislature or varied by usage are in force. *Green* v. *Weller,* 32 Miss. 650.; *Crane* v. *French,* 38 Miss. 503.; *Vicksburg & J. R. Co.* v. *Patton,* 31 Miss. 156, 66 Am. Dec. 552. Where a plaintiff brings several actions against the same defendant involving the same subject-matter, we are unable to see any good reason why the court should not consolidate the actions and try them as one cause on the application of the plaintiff as well as that of the defendant. If, in the sound discretion of the court, the interest of the parties will be conserved in court costs and time, and the rights of the defendant will not be prejudiced, the consolidation should be allowed on the motion of the plaintiff. Not only the parties litigant are concerned, but the public interest as well is to be considered by the court. The public pay the larger part of the expense of holding the courts. We hold that, where a plaintiff has brought several actions against the same defendant, the subject-matter of the litigation being the same in each action, requiring substantially the same general character of evidence in each action, the court,

in order to save time and expense to the litigants, as well as its own time, is authorized either on its own initiative or on motion of the plaintiff or defendant to consolidate the actions and try them as one cause.

Appellant argues that, even though both actions could have been consolidated upon the motion of the appellee, the court erred in ordering a consolidation, because the subject-matter of the litigation in the two actions was separate and distinct. The consolidation of actions rests in the sound discretion of the court, and its discretion will not be interfered with, unless abused. 1 R. C. L., p. 360, par. 36; 1 C. J., p. 1123, par. 315; Thompson on Trials (2 Ed.), par. 210; 4 Enc. Pl. and Pr., pp. 683 and 688. In considering this question, we are confined to the pleadings in the two actions; the evidence on the trial, as stated, having been stricken from the record. We cannot say from the pleadings that the court abused its discretion in consolidating the two actions. The parties are the same; car demurrage is the subject-matter of the litigation in each of the cases; and the evidence in each case must have been of the same general character. It is true, as contended by appellant, that the average agreement between the parties had expired before the second was brought, but that agreement was intended as a mere aid in ascertaining the demurrage. It was not the ground of the action.

Without the evidence before the court, we are unable to determine whether the trial court erred in refusing appellant's application for a continuance, and also whether the court erred in permitting appellee to amend certain of its pleas. In the absence of the evidence, the presumption will be indulged that appellant suffered no harm by the action of the court in that respect.

*Affirmed.*