WHITTINGTON *v.* STATE.

(Division B. June 8, 1931.)

[135 So. 190. No. 29408.]

Green, Green & Jackson, of Jackson, and **Tom T. Ross, J. H. Cook** and **Brewer & Brewer,** all of Clarksdale, for appellant.

**E. B. Ethridge,** Special Agent, for the state.

Argued orally by **Forrest B. Jackson**, for appellant, and by **Eugene B. Ethridge**, Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted, jointly with four others, in the circuit court of Coahoma county of the larceny of four head of cattle. A severance was granted, and appellant, being put to trial, was convicted and sentenced. The record is large, and covers such a volume of evidence that it will be impractical to undertake a statement of the facts. We must summarize, therefore, by saying that the evidence is sufficient to sustain the verdict, and that, as applied to this record, there is no reversible error in the instructions granted, nor in the refusal of those refused. The modification of one of the instructions requested by appellant, and which thereupon appellant declined to use, was not error, because without the modification it would have been a charge upon the weight of the evidence, touching a disputed fact.

There are two technical errors in the admission of evidence, namely, in respect to the advice given by Hill, and in the contradiction of Williamson on an immaterial issue; but, upon a mature consideration of the entire record, and of any reasonably possible harm or harmful effect of these two errors, upon the ultimate result, we have come to the conclusion that the said errors must be adjudged to have been harmless, or at most not of sufficient harm to require a reversal.

The issues in this case were such as to make competent the evidence of flight or evasion of arrest. The testimony on the part of the state shows that early on the morning following the arrest in Memphis of two of the parties alleged to have been engaged in the consummation of the theft of the cattle, and immediately upon the discovery by appellant that the morning papers carried the news of the said arrest, appellant departed, in apparent haste, from Coahoma county and went to Louisiana by way of Amite county, which borders on the Louisiana line; appellant taking along with him the witness Howard, a colored man, who was also one of the actors in the crime charged. Upon the arrival of appellant and the negro Howard at a farm owned by appellant in said Amite county, which farm was in the occupancy of a white tenant of appellant, the following conversation took place between appellant and his said tenant, to quote the testimony of said witness Howard: "Q. When he got down there what happened? A. He called the man out who was there on his place; he called that man out, and asked this man—

"Q. Is that a white man or a colored man? A. White man—asked him if anybody had been there looking for him; the man told him no. He say, 'if anybody come up looking for me don't you know anything about it' and he told that man, say he had fifteen or twenty cows—disremember how many it was, told him he wanted him

to make way with them and sell them. Defendant objects to this answer; overruled; defendant excepts.''

The first portion of the foregoing answer was competent, but the latter part of it was incompetent, for it tended to convey the impression that the cattle on appellant's said farm in Amite county had been stolen, which, if true, would nevertheless have been of an entirely separate and distinct offense. But it will be observed that the objection was a general objection going to the whole answer; whereas the rule is that in objections to testimony, part of which is admissible and part inadmissible, specific objections must be made to the inadmissible part, separating it from the admissible, and, unless so done, the objection will be overruled in toto, if any part of the testimony be admissible or be competent for any purpose. Mississippi Cent. Railroad Co. v. Dacus, 97 Miss. 768, 775, 53 So. 398; Sovereign Camp, Woodmen of the World, v. Farmer, 116 Miss. 626, 646, 77 So. 655; 16 C. J., page 878, and annotations 35, 36.

In the foregoing connection, appellant complains also that, although the indictment charged him with the larceny of four head of cattle, the property of Henry and Liza Barr, the state was permitted to prove the taking of seven head of cattle, and that thereby proof was admitted of a separate offense not charged in the indictment. The proof was that the seven head of cattle were taken at the same time and place, and all in one and the same continuous transaction; and the rule is that, where the indictment charges the theft of only a certain number of chattels, this does not preclude the proof of a greater number than that alleged, so long as only one transaction was involved. 36 C. J., page 858. Nor is the rule changed, in such case, by the fact that the property may have belonged to different owners. Dalton v. State, 91 Miss. 162, 165, 44 So. 802, 124 Am. St. Rep. 637. Even where the evidence is of another and distinct crime, it is admissible ''where it forms part of the res gestae;

that is, where it is part of the same transaction of which the crime charged is constituted, and so intimately related that one cannot be fully proven without proof at least to some extent of the other." Keel v. State, 133 Miss. 160, 165, 97 So. 521, 522; 16 C. J., page 603, note 82.

Affirmed.