PATTERSON, Justice:
The appellant was convicted of manslaughter in the Circuit Court of Tishomingo County. He was sentenced to a term of fifteen years in the state penitentiary, the last ten years of said sentence being suspended indefinitely on good behavior.
He appeals to this Court, assigning as error (1) the action of the trial court in overruling the defendant’s motion to quash the jury panel and special venire; (2) the court erred in allowing the State to introduce evidence as to the actions of appellant in pushing his automobile into Pickwick Lake after the accident; and (3) in granting State’s Instruction Number 2 and in refusing Instruction Numbers 4, 5, 6, 8, and 9 submitted by the defendant.
The defendant’s motion to quash the jury panel and special venire is based upon this allegation:
(T)he Board of Supervisors of Tish-omingo County, Mississippi has for many years consistently excluded the following classes of citizens from jury service, to-wit: merchants, teachers, doctors, Ministers of the gospel of the larger churches of the county and other professions, trades and crafts.
*886 That such systematic exclusion minimizes the standards of intelligence, learning and experience of the group of electors placed on the jury list and subjects this defendant, as well as others charged with crime in the county, to a trial by an unrepresentative jury of the county, and that this method of selection tends to lower the standards of justice and is a violation of the jury laws of the State of Mississippi, as well as being a denial of due process of law required by the Constitution of the State of Mississippi and the Constitution of the United States.
The defendant cites no authority in support of this motion. Neither did he designate in his Notice of Appeal that portion of the record appertaining to the motion to quash to be transcribed for this appeal. We conclude, therefore, that this assignment of error is not well taken.
The defendant next contends that the court erred in permitting the introduction of evidence relating to facts after the fatal accident, specifically evidence that the defendant, with others, attempted to conceal his automobile by pushing the same into forty feet of water in Pickwick Lake. This point is not well taken, as in Shedd v. State, 203 Miss. 544, 33 So.2d 816 (1948), we held that flight is a circumstance from which an inference of guilt may be drawn and considered along with all the other facts and circumstances connected with the case. See also Whittington v. State, 160 Miss. 705, 135 So. 190 (1931), and Ransom v. State, 149 Miss. 262, 115 So. 208 (1928).
We have considered the instruction contended by the appellant to have been erroneously granted to the State, as well as the instructions refused by the court for the defendant, and find no error therein. Considered together, they correctly outline the law for the jury to consider with the facts in its deliberation of the case.
After study of the entirety of the record, the briefs of counsel, and authorities cited, we find no reversible error and can only conclude that the defendant received a fair trial in accordance with law and that his conviction should be affirmed.
Affirmed.
GILLESPIE, P. J., and INZER, SMITH,, and ROBERTSON, JJ., concur.