226 So.2d 378 (1969)
Paul FORD
v.
STATE of Mississippi.
No. 45466.
Supreme Court of Mississippi.
September 15, 1969.
*379 Houston & Chamberlin, Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is an appeal from a jury verdict which was returned in the Circuit Court of Chickasaw County, Mississippi, finding the appellant, Paul Ford, guilty of manslaughter for which he was sentenced to serve five years in the Mississippi State Penitentiary at Parchman.
The facts pertinent to this appeal are as follows. On November 19, 1967, between 7:30 and 8:00 P.M., an automobile collision took place on Highway No. 8 about two miles east of the community of Trebloc, Mississippi, involving a 1965 Oldsmobile driven by the appellant and a 1957 Chevrolet driven by Albert W. Stacker. The proof shows that the appellant was driving in an easterly direction on Highway No. 8 and that Albert Stacker was driving in a westerly direction also on Highway No. 8. Accompanying Albert Stacker were his wife, who was sitting in the right front seat, and his two children, who were riding in the back seat. The weather was clear and the highway was dry. There was a slight incline rising to the east.
The appellant testified that he had just left the Watkins' home, which was about half a mile from the scene of the accident, and that he was not driving in excess of seventy miles per hour. He testified that a buzzer on his speedometer was set at seventy miles per hour and never alarmed. The investigating highway patrolman, Earl Durell Newsom, stated that the appellant's vehicle laid down forty-three steps [each step being approximately three feet] of skid marks and that the car being driven by Mr. Stacker laid down fourteen steps of skid marks. Mr. Newsom testified that the skid marks indicate that the appellant had been traveling at a very high rate of speed. Mr. Curtis Randle, who was in front of appellant and traveling in the same direction, testified that the appellant was traveling between eighty and ninety miles per hour while he [Mr. Randle] was making only about fifty miles per hour.
The proof shows that Mr. Randle had driven off the highway before the accident occurred. The collision occurred in the westbound lane of Highway No. 8 where the appellant had crossed over the yellow line which marked the middle of the highway. The cars, almost demolished, came to rest almost completely off of the pavement on the north side or westbound lane of the highway. The proof further shows that the car driven by Mr. Stacker had two lights visible on bright but only one when dimmed, and that as he topped the slight incline Mr. Stacker dimmed his lights. The appellant testified that he saw only one light and that this confused him and caused him to be unable to estimate the position of the car.
Lloyd Bean, a highway patrolman who was present at the scene of the accident, testified that he could smell alcohol on the appellant and that the appellant was drunk. The investigating patrolman, Mr. Newsom, also testified that he smelled alcohol on the appellant; however, he would not say that the appellant was drunk. The official accident report which was filed by Mr. Newsom failed to indicate that the appellant had been drinking, but noted that appellant's condition was "unknown." Mr. Newsom, testified that this notation was a mistake. The appellant testified that he had not had anything to drink. Mrs. Patsy Watkins, however, testified that the appellant had drunk one beer during the two hour period that she was at home. She did not know how much, if any, the appellant or her husband had had to drink during the period of approximately four hours prior to her coming home. No charge of driving while under the influence of intoxicating liquor was *380 filed against the appellant, but he was charged with reckless driving. Mr. Stacker was charged for driving with an expired license.
The two children of Mr. Stacker, Gloria Jean, nine years old, and Jimmy, were killed in the accident. Two separate indictments for manslaughter were returned against the appellant, the case at bar, Cause No. 8232, based on the death of Gloria Jean, and Cause No. 8233, based on the death of Jimmy. The attorney for the appellant made a motion to consolidate the two causes which was overruled. In addition, it was shown that two children had died in the wreck, which fact was stated by the court on voir dire, testified to by Mr. Stacker, shown in the accident report which was put into evidence, and commented upon by the district attorney in his summation.
The doctor who pronounced Gloria Jean dead was not subpoenaed to testify. The State's proof of the corpus delicti consisted of the testimony of the investigating officer, who went to the hospital after the accident and was told by the attending physician that Gloria Jean was dead. The father, Mr. Stacker, testified as to his daughter's death.
Although the appellant assigns twelve errors, in accordance with the rule set out in Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963) it is necessary that we consider only those errors which are urged and considered in the brief of the appellant.
The following errors are argued by the appellant in his brief:
1. The failure of the state to prove the corpus delicti.
2. The introduction of evidence relating to the death of Jimmy Stacker.
3. The introduction of the statement by Officer Bean that the appellant had told him that he had been drinking.
4. The propounding of a question by the state relating to previous traffic violations.
5. The verdict was against the overwhelming weight of evidence and evinced bias, passion and prejudice.
The first error urged by the appellant which requires attention is that the state failed to prove the corpus delicti in that it failed to establish by competent testimony the death of Gloria Jean Stacker. The testimony of Patrolman Newsom that Dr. Harmon had pronounced Gloria Jean dead on arrival at the Houston Hospital, being hearsay testimony, was improperly admitted.
Proof of corpus delicti in criminal homicide cases is essential, and embodies two elements: (1) The fact of death, and (2) existence of criminal agency which caused the death. It was pointed out in King v. State, 251 Miss. 161, 168 So.2d 637 (1964) that, "The law does not require an autopsy or medical evidence to establish death. These facts are ordinarily proved by witnesses who saw the deceased after his death and who testified that the deceased was dead." 168 So.2d at 643. This essential element was correctly testified to by the father, and this testimony is sufficient to establish the fact of death. The admission of the hearsay testimony of Patrolman Newsom, therefore, though error, is not reversible error.
The second element essential in establishing the corpus delicti is not questioned by the appellant, and the record in this cause sufficiently establishes the criminal agency so that further comment is unnecessary.
The next error urged by appellant relates to the overruling of the appellant's motion to consolidate the indictment in this cause with the indictment in Cause No. 8233. The appellant urges that because the trial court refused to consolidate the causes, reversible error was committed by the introduction of testimony, over appellant's objection, relating to the death of the second child resulting from the accident and for which the appellant was indicted in Cause No. 8232. Insofar as the court's action in *381 refusing appellant's motion to consolidate the causes is concerned, we have heretofore repeatedly held that the granting or refusing of such a motion for consolidation rests within the sound discretion of the trial court, and where the trial court has not abused this discretion its decision will stand. Stoner v. Colvin, 236 Miss. 736, 110 So.2d 920 (1959); Gwin v. Fountain, 159 Miss. 619, 126 So. 18 (1930), sugg. of error sustained, 132 So. 559 (1931); and Planters' Oil Mill v. Yazoo & M.V.R.R., 153 Miss. 712, 121 So. 138 (1929). In Burton v. State, 226 Miss. 31, 79 So.2d 242 (1955), three separate indictments were returned against the defendant, Robert Burton, based on the alleged, unlawful killing of three separate individuals as a result of a hit and run accident. We expressly held that, "when a single unlawful act results in the killing of more than one person, each homicide constitutes a separate offense for which the defendant may be tried * * *." 226 Miss. at 48, 79 So.2d at 250. The Court further held that trying the individual upon separate indictments was not putting the defendant twice in jeopardy. We hold that the trial judge in the case at bar was acting within his sound discretion in refusing to combine or consolidate the two causes.
We further conclude that the testimony relating to the death of Jimmy Stacker was admissible as part of the res gestae upon the trial of the appellant for manslaughter growing out of the death of Gloria Jean. This embodies the one clear-cut exception to the rule, that the state is not allowed to introduce proof of any other crime in a trial of a defendant. This exception makes such evidence admissible where it forms part of the res gestae. Burton v. State, supra; Whittington v. State, 160 Miss. 705, 135 So. 190 (1931); Keel v. State, 133 Miss. 160, 97 So. 521; Teat v. State, 53 Miss. 439, 24 Am.Rep. 708 (1876). In the Teat case, supra, the Court stated:
Thus, if in the same incounter I kill two men, with an interval of one minute or less between the two mortal strokes, the State may well prove the killing of the second man, as being a part of the res gestae, upon the trial for the murder of the first. * * * 53 Miss. at 455, 24 Am.Rep. at 713.
We hold in the present case, as in the Teat case, supra, that the death of the two children are so closely related and connected as to make it practically impossible in developing the facts to exclude any discussion as to the other. It should be noted that such testimony was admitted in the Burton case, supra, wherein the Court, quoting from the earlier Teat case, stated:
[T]he killing of one is fully made out without proof of the death of the other; the fact of the killing of the other is being only proved because the two acts are so closely connected in point of time as practically to preclude its exclusion. 226 Miss. at 42, 79 So.2d at 247.
The appellant next urges that the testimony of Patrolman Bean to the effect that the appellant had told him that he had been drinking was not admissible because the State failed to show that the appellant had been advised of his constitutional rights as provided for in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We have several times in recent decisions noted that an exception to the general rule as set out in Miranda, supra, is that of the general on-the-scene investigation and customary questioning in regard to the attendant facts of the crime. [384 U.S. at 477, 86 S.Ct. at 1629, 16 L.Ed.2d at 725.] Nevels v. State, 216 So.2d 529 (Miss. 1968). The appellant's statement clearly falls within the exception to the Miranda rule and was, therefore, properly admitted into evidence.
Although the question propounded to the appellant regarding a previous speeding violation was improper and the answer thereto would have been properly excluded upon a timely objection, the asking of the *382 question does not constitute reversible error for the reason that the question was withdrawn without being answered and the jury was instructed to disregard any reference to such a violation. Butler v. State, 217 Miss. 750, 65 So.2d 244 (1953).
In conclusion, this case is a vivid and grievous illustration of the avoidable tragedy that is being enacted daily on the highways of this and other states when alcohol plays a role in the operation of an automobile. We have carefully read the record, studied the instructions granted the appellant, and we are convinced that the appellant obtained all the protection which the law could afford him under the facts of this case. The controlling issues of fact were properly submitted to the jury under proper instructions. The jury was justified in finding that the appellant was guilty of such gross negligence as to evince wanton, reckless disregard for the safety of human life, or such indifference to the consequences of his act as to render his conduct tantamount to willfulness and guilty of culpable negligence. Wells v. State, 183 So.2d 827 (1966); Harbin v. State, 210 So.2d 876 (1968); Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945); 3 Miss. Digest Automobiles 355 (1936). The trial court has committed no reversible error and, therefore, the judgment is hereby affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, INZER and ROBERTSON, JJ., concur.