230 So.2d 555 (1970)
Joe GRINNELL
v.
STATE of Mississippi,
No. 45631.
Supreme Court of Mississippi.
January 19, 1970.
*556 Mullins & Smith, George F. West, Jr., Natchez, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Samuel H. Wilkins, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant, Joe Grinnell, was indicted, tried and convicted in the Circuit Court of Adams County on the charge of involuntary manslaughter by culpable negligence in the killing of Mrs. Loraine Carter Crane. He was sentenced to serve a term of seven years in the state penitentiary, and from this sentence he appeals to this Court. We reverse and remand for a new trial.
Since this case must be retried, we will only detail that part of the evidence necessary for this opinion. It was the theory of the State, and the proof is sufficient for the jury to find that Mrs. Crane was killed as a result of the automobile in which she was riding being struck from the rear by an automobile driven at an excessive rate of speed by appellant. The collision caused the car in which she was riding to be propelled across the center line of the highway and into the lane for oncoming traffic and into the side of a log truck. The log truck jack-knifed and turned over on the car, crushing the occupants of the car. Mrs. Crane, her husband and small child were instantly killed.
Appellant assigns as error several grounds for reversal of this case, but we will only discuss those that we deem to merit discussion. Appellant's first assignment of error is that the trial court was in error in allowing the state to introduce evidence over the objection of the appellant of the details of the deaths of persons other than the one for which the defendant was being tried. The mentioning of deaths of the other persons was circumspect and not detailed as alleged by appellant. The testimony relative to the death of the other occupants of the car comes within the rule announced in Ford v. State, 226 So.2d 378 (Miss. 1969), wherein this Court stated:
We further conclude that the testimony relating to the death of Jimmy Stacker was admissible as part of the res gestae upon the trial of the appellant for manslaughter growing out of the death of Gloria Jean. This embodies the one clearcut exception to the rule, that the state is not allowed to introduce proof of any other crime in a trial of a defendant. This exception makes such evidence admissible where it forms part of the res gestae. Burton v. State, supra [226 Miss. 31, 79 So.2d 242]; Whittington v. State, 160 Miss. 705, 135 So. 190 (1931); Keel v. State, 133 Miss. 160, 97 So. 521; Teat v. State, 53 Miss. 439, 24 Am.Rep. 708 (1876). In the Teat case, supra, the Court stated:
`Thus, if in the same incounter I kill two men, with an interval of one minute or less between the two mortal strokes, the State may well prove the killing of the second man, as being a part of the res gestae, upon the trial for the murder of the first. * * *' 53 Miss. at 455, 24 Am.Rep. at 713. (226 So.2d at 381)
We find no error in the mentioning of the death of the other occupants of the car.
Appellant also assigns as error the admission over his objection of purported paint samples and pieces of metal and the testimony of Mr. Parrish of the Mississippi Highway Patrol relative to the tests made from these samples. The evidence in this case shows that appellant was driving a green Oldsmobile and that the deceased was riding in a red Ford. After the accident, *557 appellant left the scene and the green Oldsmobile was found overturned in a ditch about two miles east of where the accident happened. Mr. E.J. Rankin, deputy sheriff, investigated the accidents and observed both the red car and the green Oldsmobile. He testified that he took a picture of the Oldsmobile and then instructed the Dossett Oldsmobile wrecker to take it to Dossett's place and lock it up. He said that he impounded the automobile. The Ford was carried to Haney's place. About three months later he went to the Oldsmobile place and took some paint scrapings from the car and also cut off a part of the left front fender. When he went to Haney's place he found that the red car had been carried to Brown's Auto Ranch, located across the river near Vidalia, Louisiana. He went there and found the red car and removed a part of the right rear fender. He testified that neither of the cars had been repainted since the accident. The samples taken were carried to Mr. Herman Parrish, a chemist and toxologist at the State Laboratory under the supervision of the State Highway Safety Patrol. Mr. Parrish qualified as an expert and he testified in detail relative to the tests he made and was allowed to state that in his opinion, from the tests made on the samples brought to him, the red paint found on the green Oldsmobile came from the red Ford and the green paint found on the red car came from the Oldsmobile.
Appellant urges that the state failed to show proper custodial care of the vehicles to establish that the paint and the metal were in the same condition as they were immediately after the accident. One of the best statements of the factors to be considered in the admission of such evidence is found in Gallego v. United States, 276 F.2d 914 (9 Cir.1960), which states:
Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. United States v. S.B. Penick & Co., 2 Cir., 136 F.2d 413, 415.
The jury, of course, is free to disregard such evidence upon its finding that the article was not properly identified, or that there has been a change in its nature.
The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion. No abuse of discretion was shown here. (276 F.2d at 917)
Taking into consideration the nature of the articles involved, we cannot say that the trial court abused its discretion in the admission of this evidence. We find no merit in appellant's contentions that Mr. Parrish was not qualified to give expert opinion on this subject matter, or that it was not a proper subject for expert testimony. The trial court held that Mr. Parrish was qualified to testify as an expert and after reviewing the testimony as to his qualifications, we cannot say that the trial court abused its discretion in so holding.
The rule is well established that the question of the qualification of a witness to speak as an expert lies largely in the discretion of the trial court, and its determination that a witness is qualified to speak will not be reversed unless it clearly appears that the witness was not qualified. We also think that the trial court was correct in holding that the results of the tests made on the paint samples were a proper *558 subject matter for expert testimony and that the appellant's constitutional rights were not violated by the admission of this testimony. While the evidence relative to the custodial care could have been better developed, we hold that this evidence was admissible. The jury, of course, was free to accept or disregard it.
Appellant's next assignment of error is that the trial court erred in granting Instruction No. 2 at the request of the state. We think that this contention is well taken. The state requested two instructions: Instruction No. 1 is a general instruction to the effect that if the jury believed from the evidence beyond a reasonable doubt that appellant did unlawfully kill and slay Loraine Carter Crane by culpable negligence, then the appellant was guilty as charged. Instruction No. 2 is in the following language:
The Court instructs the jury for the State that the killing of a human being by the culpable negligence of another, and without authority of law, is manslaughter; and the Court further charges the jury that culpable negligence is such negligence as evinces a flagrant and reckless disregard for the safety of others, or wilful indifference to the injury liable to follow;
And if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Joe Grinnell, did at the time and place complained of, kill and slay one Loraine Carter Crane, through his culpable negligence, then it is your sworn duty to find the defendant guilty, and the form of your verdict may be:
"We, the jury, find the defendant guilty as charged."
It is obvious that this instruction fails to define culpable negligence. The negligence defined in this instruction is nothing more than gross negligence. In Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945), this Court clearly stated the definition of culpable negligence, saying:
As hereinbefore stated, it should be kept in mind that the statute does not declare upon gross negligence, but upon culpable negligence. Under the doctrine of strict construction of criminal statutes, it is not within the rightful province of the Court to strike out of the statute the term culpable negligence and substitute therefor the term gross negligence, and thereupon apply what would scarcely sustain a judgment in a civil case for punitive damages to a criminal case making it manslaughter should death result, or assault and battery with intent to commit manslaughter should death not result. In order then to give the term culpable negligence in the statute its proper setting instead of harking back to gross negligence, the term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt. (197 Miss. at 818, 819, 20 So.2d at 706).
In spite of this statement some prosecuting attorneys still request and some trial courts still grant instructions which fail to properly define culpable negligence. The state in its brief concedes that the quoted instruction falls short of its objective as a complete statement of the applicable law. However, it contends that when the instruction is read in connection with an instruction granted the defendant, they announce the correct principle of law. It is contended that the error, if any, is harmless. We cannot agree with this contention. We think that it was prejudicial error to grant the quoted instruction. The instructions on behalf of the state failed to provide a proper guide for the jury. If the jurors followed the state's instructions *559 they could have concluded that the fact that appellant was exceeding the speed limit was sufficient for them to find that he was guilty of culpable negligence.
Appellant's assignment of error that the trial court was in error in overruling his request for a directed verdict and in denying his motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence, is without merit.
For the reasons stated, this case must be reversed and remanded for another trial.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.