RODGERS, Presiding Justice:
This is an appeal from the Circuit Court of Montgomery County, Mississippi, in which the appellant was indicted, tried, convicted and sentenced to the State Penitentiary upon a charge of forgery. The appellant contends that he did not get a fair trial because of certain alleged errors committed by the trial court and that he is entitled to a new trial. The appellant’s conviction grew out of the following circumstances.
A Mr. Bishop Logan, who had been previously convicted of forgery and who was an inmate of the Mississippi State Penitentiary, testified that the appellant came to him and persuaded him and his wife Carolyn Logan to forge the name of Ray Broussard upon two checks, one of which was for the sum of seventy-one dollars and eighty cents ($71.80) and the other for the sum of three hundred fifty dollars ($350.00), with the understanding that Mr. and Mrs. Bishop Logan would cash the checks and would keep the proceeds of the small check, but would give the proceeds of the large check to Jimmy Wayne Ellis. The small check was cashed at McClellan’s “Big Star” grocery store by Carolyn Logan. It was deposited in the Bank of Wi-nona and in due course it came back through banking channels because it was of no value.
The appellant contends that there was a variance between the indictment charging forgery and the proof showing uttering a forgery. We are of the opinion, however, that the proof offered by the State shows that the defendant got the witness to forge the name of the payee on the check and was, therefore, a party to the crime. Moreover, the defendant was clearly an accessory before the fact and as such was considered a principal under the terms of Section 1995, Mississippi Code 1942 Annotated (1956). This section is in the following language:
“§ 1995. Accessories — before the fact.
Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.”
The argument of appellant is to the effect that since he was indicted for forgery, the indictment did not inform the appellant that he was being tried as an accessory before the fact of forgery. It is contended that the testimony came as a surprise to the defendant and that he should have been acquitted of the charge in the indictment. The answer to this argument is found in the foregoing Code section (Sec. 1995, Miss.Code 1942 Ann. [1956]) wherein it is said that every person who is accessory to a crime “ * * * shall be indicted and punished as such [principal] * * * ” The indictment in the case at bar is the indictment required by law when the proof shows defendants are accessories to the crime before the fact. Moreover, the testimony for the State in the instant case shows that the defendant procured the forgery and was, therefore — particeps crim-inis, a partaker in the crime — a principal.
The contention of the appellant that the court committed reversible error in permitting testimony to be introduced before the jury as to the forgery of another check other than the one mentioned in the indictment is not well taken for the following reasons: The testimony with reference to the second check was to the effect that it was a part of one scheme and transaction. The two forgeries occurred at one time and were so closely connected as to be a part of the res gestae.
It has always been the rule in this state that proof of other offenses is admissible in a criminal prosecution if they are *327 closely related and not too remote in time so that they are a part of the res gestae. Grinnell v. State, 230 So.2d 555 (Miss.1970); Strickland v. State, 209 So.2d 840 (Miss.1968); Anderson v. State, 171 Miss. 41, 156 So. 645 (1934); Whittington v. State, 160 Miss. 705, 135 So. 190 (1931); and Keel v. State, 133 Miss. 160, 97 So. 521 (1923).
We do not find sufficient merit in the other assignments of error to require comment. We are of the opinion that there is no error shown in the record in the instant case which has been brought to our attention, of sufficient magnitude to require a reversal of the judgment of the trial court. The judgment and sentence of the appellant are, therefore, affirmed.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.