346 So.2d 918 (1977)
Charles Lee HOWARD
v.
STATE of Mississippi.
No. 49744.
Supreme Court of Mississippi.
June 1, 1977.
*919 Hallie Gail Bridges, Belzoni, for appellant.
A.F. Summer, Atty. Gen., by Henry T. Wingate, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER.
WALKER, Justice, for the Court:
On the afternoon of January 9, 1976, an automobile driven by Charles Lee Howard left the highway and collided with another car which was stopped at an intersection. Two witnesses testified that Howard's car had been traveling at a speed of 90 to 95 miles per hour, and two law enforcement officers who had gone to the scene of the accident testified that they believed that Howard was extremely intoxicated. Howard himself admitted that he passed out before the accident. Three occupants of the other car, Angela Evans, also known as Angie Lee Winston, Richard Clayborne, and Debbie Whitacre, perished in the accident. Howard was indicted, tried, and convicted for manslaughter in connection with the death of Angie Lee Winston in the Circuit Court of Humphreys County. In his appeal, he objects to the admission of numerous pieces of evidence and contends that the State did not prove him guilty of culpable negligence, as required by Mississippi Code Annotated section 97-3-47 (1972).
Rachel Clayborne and her sister, Christine Clayborne Pinkston, were passengers in the car struck by Howard. Both of them testified, in addition to the death of Angie Lee Winston, though without detail, as to the deaths of Debbie Whitacre and their brother Richard, although only the death of Angie Lee Winston was charged in the indictment. Howard contends that their *920 testimony amounts to evidence of crimes not charged. There is no merit in this contention. Similar facts were presented in the case of Ford v. State, 226 So.2d 378 (Miss. 1969), in which two children were killed in an automobile collision, only one of whom was named in the indictment. The Court held that the testimony as to the death of the second child was part of the res gestae. "We hold in the present case ... that the death of the two children are so closely related and connected as to make it practically impossible in developing the facts to exclude any discussion as to the other." Id. at 381. This case is indistinguishable from Ford and we conclude that the court made no error in allowing the testimony.
Howard also contends that Rachel Clayborne was incompetent to give her opinion as to the speed of Howard's vehicle. The general rule is that "a witness who observed the moving object in question will be permitted to estimate its speed if he possesses some knowledge or experience, however slight, which will enable him to form an opinion." 32 C.J.S. Evidence § 546(53) (1964). The rule that lay witnesses may be qualified to give their opinions as to speed has been approved in dictum by this Court in Ming v. City of Jackson, 202 Miss. 260, 267-68, 31 So.2d 900, 901-02 (1947). Miss Clayborne's testimony clearly indicated that she, like most people had at least some prior experience in judging speed. Accordingly, her testimony was properly admitted.
Steve Coston testified that Howard's car passed his truck less than a mile from the scene of the accident. Coston estimated Howard's speed at 90 or above. Lee than a minute later, Coston saw smoke rising from the scene of the accident. Howard contends that Coston's testimony is too remote to have any probative value on the issue of Howard's speed at the time of the accident. Even though Coston did not see the accident, his testimony is admissible "where the circumstances are such, because of the nearness of the prior speed to the collision and point of time and distance or because of other factors, that the prior speed has substantial evidential value as to speed of the vehicle at the time of, or immediately before, the collision." Barrett v. Shirley, 231 Miss. 364, 373, 95 So.2d 471, 474 (1957). Whether the incident in question was near enough in time and space to the accident to have probative value is largely a question of degree, and is best left to the discretion of the trial judge. Baxter v. Rounsaville, 193 So.2d 735, 738 (Miss. 1967). We cannot say that the trial judge abused his discretion in allowing this testimony.
Howard further contends that the opinions of the highway patrolman and the sheriff as to his intoxication should not have been admitted. Our law is clear that a layman's opinion "based on observation and the surrounding facts and circumstances", is admissible on the issue of intoxication. Hutson v. Continental Cas. Co., 142 Miss. 388, 395, 107 So. 520, 522 (1926). Both officers testified clearly and in detail as to the facts on which they based their opinions. There was no error committed in allowing their opinions into evidence.
The trial court admitted into evidence a tape recording of an interview between Howard and the arresting officers made soon after the accident. Howard explicitly stated that he did not remember any of the events pertaining to the accident, and said, "Well, I think that I passed out before my accident." Howard makes no contention that he was not advised of his rights, nor does he argue that he did not understand his rights. Rather, he argues that his admission that he passed out constituted an opinion on the ultimate issue in the case. He cites several cases on opinion testimony, but cites no relevant authority in support of the proposition that the defendant's own admission of unconsciousness can conceivably be classified as an opinion. The trial judge committed no error in admitting the tape recording into evidence.
Finally, Howard contends that the evidence presented by the State does not support his conviction. To sustain a *921 conviction for manslaughter on the grounds of culpable negligence, the evidence must prove the defendant's "conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable risk thereof." Frazier v. State, 289 So.2d 690, 692 (Miss. 1974). The jury could reasonably conclude from the evidence presented that Howard wilfully created an unreasonable risk of fatal consequences to others by driving while extremely intoxicated at an unreasonable rate of speed vastly exceeding the posted limit. The jury was eminently justified in concluding that, after wilfully creating such a risk, that Howard wantonly and recklessly disregarded the threat it posed to human life. This Court can imagine no negligence more culpable than to drive in an extremely intoxicated condition at a rate of 90 miles an hour. The record manifestly supports the verdict of the jury.
There being no merit in any of the defendant's assignments of error, his conviction and sentence of fifteen years in the custody of the State Department of Corrections are affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.