429 So.2d 569 (1983)
Roosevelt MASON
v.
STATE of Mississippi.
No. 54136.
Supreme Court of Mississippi.
March 30, 1983.
Rehearing Denied April 27, 1983.
*570 Stanfield & Holderfield, David E. Holderfield, Jackson, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Hinds County wherein Roosevelt Mason was indicted, tried and convicted for the October 9, 1981, aggravated assault of Robert M. Lambert. The offense for which Mason was charged arose out of an armed robbery of the Flamingo Motel wherein Robert Lambert, the proprietor of the business establishment, was shot twice. Upon conviction, Mason was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, five years suspended and five years to serve consecutively with the sentence imposed for his participation in the armed robbery. We affirm.
On October 9, 1981, at approximately 8:00 p.m., three black males entered the office of the Flamingo Motel located on Highway 80 in Jackson. One of the men asked for change for a dollar. As Robert Lambert, the owner of the motel, opened the cash drawer to comply with the request, one of the other men told Lambert to give him all the money. Before Lambert could hand him the money, the assailant began shooting. Lambert was shot twice. The three men ran out of the office but were confronted by W.E. Pierce, the motel's security guard. Pierce fired at the individuals and they returned fire in his direction. One of the men, who was later identified as Jerry Jackson, stopped and lay down. The police were subsequently summoned; however, Jackson was released after their arrival. Neither Lambert nor Pierce could identify the other two robbers.
On the day of the offense, Edgar Johnson had been riding with Jerry Jackson, George Derry Taylor and appellant earlier in the afternoon. While riding around, the men began conversing about various business establishments to rob. According to Johnson, Taylor was carrying a long barrel .25 or .22-caliber pistol. At first, the men mentioned robbing a drug store on Capitol Street. They later rode by the Flamingo Motel. Johnson was dropped off at his house around 5:00 p.m. At about 8:15 or 8:30 p.m., Taylor returned to Johnson's house, insinuating that he had been involved in some type of robbery and that there had been a shootout.
*571 George Taylor pled guilty to the charges and was sentenced to nine years without parole in return for his testimony. Taylor asserted that he and Johnson had met on October 9, 1981, while buying drugs. After getting high at Johnson's house, they left with Jerry Jackson and picked up appellant who was armed with a long barrel .22-caliber pistol. Taylor testified that they first went to a drug store on Capitol Street and then a package store on Watson Boulevard but decided against robbing either place. When they drove past the Flamingo, appellant said his girl friend had worked there and informed him that the proprietor of the Flamingo kept all his money in his pockets. They decided not to rob the Flamingo at that point due to the presence of a vending machine supplier.
Johnson was taken home. Around 7:00 or 7:30 p.m., Jackson, Taylor and appellant returned and parked Jackson's car behind the motel on Hair Street. According to plan, Jackson went in and asked for change, followed by Taylor and appellant. Taylor apparently struggled with Lambert and when Taylor's starter pistol struck Lambert, it went off. Appellant then fired two shots and the men fled from the motel office. Appellant was struck in the head by a gunshot from Pierce; however, Taylor and appellant successfully escaped to appellant's house. When the appellant was later arrested, he had a wound on the top of his head.
Jerry Jackson testified in behalf of the appellant. Jackson asserted he took the appellant home before the robbery occurred after appellant and Taylor argued over drugs. According to Jackson, he and Taylor picked up a friend of Taylor's named Rat who perpetrated the robbery, along with Taylor. Jackson testified that Taylor shot Lambert with a long barrel .22-caliber pistol.
Appellant was found guilty as charged, whereupon he was sentenced to serve a term of ten years with five years suspended and five years to serve consecutively with his armed robbery sentence.
I. Was the verdict of the jury against the overwhelming weight of the evidence?
Appellant's conviction was based primarily on the testimony of George Taylor, an accomplice to the crime. Appellant's witness Jerry Jackson, also an accomplice, denied that appellant was present when the crime was committed. In Oates v. State, 421 So.2d 1025 (Miss. 1982), this Court stated:
It is an established rule in Mississippi that the uncorroborated testimony of an accomplice may be sufficient to convict the accused, even where the charge is capital murder and the sentence imposed is death. E.g., Jones v. State, 381 So.2d 983 (Miss. 1980). As announced in Jones, citing Lifer v. State, 189 Miss. 754, 199 So. 107 (1940), where the record contains even slight corroborative evidence this Court will hold that the accomplice's testimony is sufficient to sustain the verdict. In this vein it is readily apparent that Godsey's testimony was corroborated on more than one detail. (421 So.2d at 1031)
See also Jackson v. State, 420 So.2d 1045 (Miss. 1982); Bell v. State, 411 So.2d 763 (Miss. 1982); Catchings v. State, 394 So.2d 869 (Miss. 1981); and Moody v. State, 371 So.2d 408 (Miss. 1979).
Such testimony, however, should be viewed with great caution and suspicion and must be reasonable, not improbable, self-contradictory or substantially impeached. Bell, supra, and Catchings, supra.
The testimony of George Taylor was corroborated by the testimony of Edgar Johnson as to the events leading up to the robbery. Furthermore, the wound on appellant's head corroborated Taylor's testimony as to appellant being struck in the exchange of gunfire. Jackson denied that there had been any plans to rob a drug store on Capitol Street or that they had consumed alcoholic beverages prior to the robbery. Taylor and Johnson testified to the contrary. Moreover, it was established by hearsay evidence that appellant's girl friend had worked at the Flamingo Motel which further corroborated Taylor's testimony to the same effect.
*572 In Young v. State, 425 So.2d 1022 (Miss. 1983), we held:

Only slight corroboration of an accomplice's testimony is required to sustain a conviction. Feranda v. State, 267 So.2d 305 (Miss. 1972). The testimony of Harrison and Dorman was corroborated to some extent by Easterling and Patricia Thrasher. The credibility and reasonableness of the testimony of Harrison and Dorman was for the determination of the jury. Cochran v. State, 278 So.2d 451 (Miss. 1973). It is within the province of the jury to accept parts of the testimony of any witness, and the jury may give consideration to all inferences flowing from the testimony. Grooms v. State, 357 So.2d 292 (Miss. 1978).
We are of the opinion that, applying the same rule here as in a request for a peremptory instruction of not guilty, considering all the evidence in behalf of the State as true, together with reasonable inferences flowing therefrom, and rejecting the evidence of the defendant in conflict therewith, the evidence for the State is sufficient to sustain the verdict of guilty, and it is not contrary to the overwhelming weight of the evidence. Warn v. State, 349 So.2d 1055 (Miss. 1977). (425 So.2d at 1024)
We cannot say that the verdict of the jury was against the overwhelming weight of the evidence.
II. Was appellant denied effective assistance of counsel?
Appellant contends that due to the injection of various irrelevant matters into evidence by the prosecuting attorney, without objection of his own counsel, he was deprived of a fair trial as required by due process. The specific instances complained of include testimony as to the armed robbery of the Flamingo Motel, plans to rob a drug store and package store on the afternoon of the robbery, the use and cost of drugs by George Taylor, and testimony concerning George Taylor's eligibility for parole and good time.
The state contends that the evidence which appellant complains of was either admissible under well delineated rules of evidence or was of such a nature that could not have prejudiced appellant. The state further asserts that an examination of the entire record reveals appellant's counsel was effective and that his failure to urge ineffective assistance of counsel at the trial below procedurally bars such from being raised on appeal. This latter proposition, of course, is inappropriate under our recent decision in Read v. State, 430 So.2d 832, 1983.
The offense for which appellant was charged (aggravated assault) and the armed robbery of the Flamingo Motel were so interrelated that it would have been utterly impossible to establish the facts surrounding the alleged aggravated assault without a showing of the commission of the armed robbery.
As a general rule, testimony in a criminal trial should be confined to the charge for which an accused is on trial and the prosecution should not be allowed to aid the proof against the accused by showing he committed other offenses. Oates, supra; Eubanks v. State, 419 So.2d 1330 (Miss. 1982); Black v. State, 418 So.2d 819 (Miss. 1982); Tucker v. State, 403 So.2d 1274 (Miss. 1981); Wilborn v. State, 394 So.2d 1355 (Miss. 1981); Massey v. State, 393 So.2d 472 (Miss. 1981); and Gardner v. State, 368 So.2d 245 (Miss. 1979). However, there are exceptions to this rule as stated in Woods v. State, 393 So.2d 1319 (Miss. 1981):
In Gray v. State, 351 So.2d 1342 (Miss. 1977), the Court said:
... It is well settled in this state that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. There are certain recognized exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed *573 to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. See Smith v. State, 223 So.2d 657 (Miss. 1969), cert. denied, 397 U.S. 1030, 90 S.Ct. 1274, 25 L.Ed.2d 542 (1970); Cummings v. State, 219 So.2d 673 (Miss. 1969); cert. den. 397 U.S. 942, 90 S.Ct. 954, 25 L.Ed.2d 122 (1970). (393 So.2d at 1325) (emphasis ours).
See also Saik v. State, 387 So.2d 751 (Miss. 1980). Where evidence is admissible as a part of the res gestae, it will not be excluded because it may tend to inflame the minds of the jury or would tend to indicate the commission of another crime. Gray v. State, 375 So.2d 994 (Miss. 1979).
Perhaps the rule is best stated in Anderson v. State, 171 Miss. 41, 156 So. 645 (1934); wherein this Court stated:
The proof of another offense is admissible where the main transaction cannot be brought out without showing such other offenses. Simmons v. State, 165 Miss. 732, 141 So. 288, and Mackie v. State, 138 Miss. 740, 103 So. 379, and the authorities therein cited. (171 Miss. at 47, 156 So. at 646).
See also Hosey v. State, 300 So.2d 453 (Miss. 1974); Ellis v. State, 255 So.2d 325 (Miss. 1971); Brooks v. State, 242 So.2d 865 (Miss. 1971); Grinnel v. State, 230 So.2d 555 (Miss. 1970); Strickland v. State, 209 So.2d 840 (Miss. 1968); Whittington v. State, 160 Miss. 705, 135 So. 190 (1931); and Keel v. State, 133 Miss. 160, 97 So. 521 (1923).
Because this evidence was admissible, a claim of ineffective assistance of counsel cannot be predicated thereon.
The prosecutor also elicited from Edgar Johnson and George Taylor, without objection, evidence of a plan to rob a drug store and package store on the afternoon of the robbery. These plans were made while Johnson, Taylor, Jackson and appellant drove around in Jackson's automobile a few hours before the robbery of the Flamingo Motel.
As previously stated, evidence of other crimes is admissible where the offense charged and that offered are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. Woods, supra.
The evidence concerning the plans to rob a drug store and package store were likewise admissible evidence to establish motive and identity of the appellant, as well as being so connected to the aggravated assault as to constitute one transaction. Any objection thereto would have been futile.
Appellant finally complains that the interjection into the trial of the purchase and use of drugs by George Taylor and Edgar Johnson as well as evidence concerning Taylor's eligibility for parole and good time, was improper evidence which was prejudicial to the appellant. There was no evidence that appellant was involved with drugs or used drugs on the day the offense was committed or on any other occasion. Appellant has failed to demonstrate how either the use of drugs by Taylor and Johnson or Taylor's eligibility for parole and good time release prejudiced him. In the absence of such, we cannot assume that appellant was prejudiced thereby.
We have carefully examined the record in toto[1] and are unable to say therefrom that trial counsel was ineffective due to his failure to object to the matters herein previously *574 discussed. We also have no way of knowing whether trial counsel's actions were prompted by trial strategy or for other reasons. We decline, however, to hold here that appellant was denied effective assistance of counsel. Read, supra.
Based on the foregoing, appellant's conviction and sentence are hereby affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Previously, this Court has adjudged the effectiveness of counsel from an examination of the record as a whole. See Buford v. State, 372 So.2d 254 (Miss. 1979); Warren v. State, 369 So.2d 483 (Miss. 1979); Berry v. State, 345 So.2d 613 (Miss. 1977); and Cannon v. State, 190 So.2d 848 (Miss. 1966). We have recently discussed this type of issue with some care in Callahan v. State, 426 So.2d 801 (Miss. 1983), and Read, supra.